UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL JOSEPH, an individual on behalf of himself and all others similarly situated,

Plaintiff,

v.

TRUEBLUE, INC. d/b/a LABOR READY, INC., and TRUEBLUE, INC., Washington corporations,

Defendants.

No. 2:14-CV-0316-SMJ

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**

Before the Court, without oral argument, is Defendants TrueBlue's Motion to Transfer Venue, ECF No. 13. Plaintiff opposes this motion, ECF Nos. 22 and 23. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants Defendants' motion.

## I. BACKGROUND

On September 25, 2014, Plaintiff filed a complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"). ECF No. 1 at 2. Plaintiff is a citizen and resident of Minnesota, and brings this suit on behalf of himself and proposed classes of similarly situated individuals. *Id.* at 2-3. Citing 28 U.S.C.

§1391(d), Plaintiff alleges that venue in the Eastern District of Washington is proper because Defendant TrueBlue ("Lead Defendant") is a corporation and resides in the district.

On October 23, 2014, Defendants filed a Motion to Change Venue, ECF No. 13, which is supported by a related Declaration, ECF No. 14. In this motion, Defendants seek "to transfer venue of the action to the Tacoma Division of the United States District Court for the Western District of Washington under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and in the interest of justice." ECF No. 13 at 2-3. On October 24, 2014, Defendants filed an Answer, where Defendants assert that Plaintiff's allegations as to venue "are legal conclusions which Defendants are not required to admit or deny, and Defendants therefore deny them." ECF No. 15 at 3.

On November 13, 2014, Plaintiff filed a Response to Defendants' motion. ECF No. 22, which is supported by a related Declaration, ECF No. 23. In the response, Plaintiff maintains that venue in the Eastern District of Washington is proper, and argues that Defendants cannot meet the legal criteria for justifying a change of venue under 28 U.S.C. § 1404(a). ECF No. 22 at 2.

Finally, On November 20, 2014, Defendants filed a Reply Memorandum. ECF No. 24.

//

## II. ANALYSIS

### A. Legal standard.

Defendants rely on 28 U.S.C. § 1404(a) as basis for their request to transfer venue to the Western District of Washington. Specifically, the statute establishes that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

There are two prongs to this analysis. First, courts determine whether the action could have been brought in the target district. *Hoffman v. Blaski*, 363 U.S. 335, 344 (196). Second, courts undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). For the second step, a court may consider the following relevant factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citations omitted). Weighing these relevant factors is a matter of "the discretion of the trial

judge.” *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (citation and internal quotation marks omitted).

**B. Ability to bring action in target district.**

The Plaintiff does not dispute Defendants’ representation that this case could have been brought in the Western District of Washington. *See* ECF No. 22. Accordingly, this first prong of 28 U.S.C. § 1404(a) analysis does not inform the Court’s decision.

**C. Individualized inquiry as to relevant factors.**

A balancing of the *Jones* and other relevant factors has convinced the Court that transfer to the Western District is proper for the convenience of the parties and witness and in the interest of justice. Simply put, neither party nor the instant dispute has much of any contact with the Eastern District of Washington. In making this decision, the Court has considered the following factors:

1. <u>Location of relevant agreements</u>

This factor does not weigh in favor or against transferring the case to the Western District of Washington. Both parties agree that Plaintiff entered into an agreement with Labor Ready Midwest in Minnesota, which is a fully owned subsidiary of the Lead Defendant and does no business in Washington State. Accordingly, this factor is neutral.

//

2. Familiarity with governing law

This factor does not weigh in favor or against transferring the case to the Western District of Washington. Plaintiff's action is brought under the TCPA, a federal statute. Both the Eastern and Western Districts are equally familiar with the governing law of this case. Accordingly, this factor is neutral.

3. Plaintiff's choice of forum

This factor slightly weighs against transferring the case to the Western District of Washington. Ordinarily, a plaintiff's choice of forum is generally accorded "great weight," *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), and is not disturbed except on a "strong showing of inconvenience." *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). But, considerably less weight is given when a plaintiff seeks to represent a class. *Lou*, 834 F.2d at 739. In assessing the forum choice of a plaintiff seeking to represent a class, courts look to the extent of the contacts that the named plaintiff and the cause of action have with the forum. *Id.* Here, neither Plaintiff nor the dispute at hand has any connection to the Eastern District of Washington. Accordingly, this factor favors keeping the case in the Eastern District, but is given very little weight.

4. Parties' contacts with the forums

This factor weighs in favor of transferring the case to the Western District of Washington. Plaintiff has no contacts to the Eastern District of Washington

other than his decision to file suit here. Likewise, the Lead Defendant has minimal contacts with the Eastern District of Washington, which is limited to its fully owned subsidiary operating branches in the Yakima and Spokane areas. This subsidiary, however, is not a party to the existing suit. This contrasts with the Lead Defendant's connections with the Western District of Washington, where it is headquartered and maintains all of its relevant employees. Accordingly, this factor favors transferring the case.

5. Cause of action's contacts with the forums

This factor weighs in favor of transferring the case to the Western District of Washington. None of the actions alleged in the Complaint are said to have occurred in the Eastern District of Washington. *See* ECF No. 1. Indeed, according to Defendants' uncontested declaration, the text message alerts that supposedly violated provisions of the TCPA originated from the Lead Defendant's headquarters in Tacoma. ECF No. 14 at 20. Plaintiff believes this is irrelevant because a TCPA claim "turns on the fact that a call was made, not its point of origin." ECF No. 22 at 6 (citation omitted). This argument, however, ignores that the automated mechanism by which the call was made is relevant. *See* 47 U.S.C. § 227(a)(1) (defining "automatic telephone dialing system"). Accordingly, because the location of such a messaging system is relevant for the change of venue inquiry, this factor strongly favors transferring the case.

6. Differences in costs of litigation in the two forums

This factor slightly weighs in favor of transferring the case to the Western District of Washington. Plaintiff argues that there are virtually no differences in terms of cost of litigation between the two forums. ECF No. 22 at 6. Defendants respond that because the Eastern District of Washington is nearly 300 miles away from the Lead Defendant's headquarters in Tacoma there would necessarily be increased litigation costs. ECF No. 24 at 7. Though the cost difference may be slight, and Defendants appear to have substantial resources, this Court is inclined to agree with Defendants. Accordingly, this factor slightly favors transferring the case.

7. Availability of compulsory process to compel attendance

This factor does not weigh in favor or against transferring the case to the Western District of Washington. Defendants have only identified party witnesses that are located in Washington State. Both Washington districts have an identical ability to compel the attendance of an unwilling party witness if he or she resides in Washington. Fed. R. Civ. P. 45(c)(1)(B)(ii). Accordingly, this factor is neutral.

8. Ease of access to sources of proof

This factor does not weigh in favor or against transferring the case to the Western District of Washington. The two forums are not distant enough to make the ease of access to the proof factor into the Court's determination. The

Defendants have not sufficiently demonstrated that conducting proceedings in the Eastern District makes the evidence in this matter substantially harder to access. Accordingly, this factor is neutral.

The Eastern District of Washington has virtually no connection to the events that gave rise to the suit and the Defendants and their witnesses are located in the Western District of Washington. Upon consideration of the *Jones* factors, the Court finds that venue in the Western District would be substantially more convenient for the parties and witnesses and would serve the interests of justice.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendants' Motion to Transfer Venue, **ECF No. 13**, is **GRANTED**.

**2.** The Clerk of the Court is **DIRECTED** to **CLOSE** this file and **TRANSFER** this matter to the Western District of Washington.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 8th day of December 2014.

SALVADOR MENDOZA, JR.
United States District Judge