DAVID R. ONGARO, CA SBN. 154698 (admitted *pro hac vice*)
david.ongaro@tklaw.com
AMELIA D. WINCHESTER, CA SBN. 257928(admitted *pro hac vice*)
amelia.winchester@tklaw.com
THOMPSON & KNIGHT LLP
50 California Street, Suite 3325
San Francisco, CA  94111
Telephone:  (415) 433-3900
Facsimile:  (415) 433-3950

Michael E. McAleenan, WSBA #29426
SMITH ALLING, PS
Attorneys for Defendants
1515 Dock Street, Suite 3
Tacoma, WA  98402
253-627-1091
253-627-0123 (fax)
mmc@smithalling.com
julie@smithalling.com

*Attorneys for Defendants Labor Ready Midwest, Inc. (erroneously sued as TrueBlue, Inc. d/b/a Labor Ready, Inc.) and TrueBlue, Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL JOSEPH, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUEBLUE, INC. d/b/a LABOR READY, INC., and TRUEBLUE, INC., Washington corporations,<br><br>Defendants. | No. 3:14-cv-05963 BHS<br><br>DEFENDANTS LABOR READY MIDWEST, INC. (ERRONEOUSLY SUED AS TRUEBLUE, INC. D/B/A LABOR READY, INC.) and TRUEBLUE, INC.'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION<br><br>NOTE ON MOTION CALENDAR: JANUARY 30, 2015<br><br>ORAL ARGUMENT REQUESTED |

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 1



# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 2

II. STATEMENT OF FACTS ....................................................................................... 4

III. LEGAL ARGUMENT ............................................................................................ 6

   A.    The Court Should Compel Plaintiff to Arbitrate His Claims ......................... 6

     1.    The FAA Requires Courts to Enforce Arbitration Agreements on the Terms Agreed to by the Parties. .......................................................... 6

     2.    A Valid Arbitration Agreement Exists and Covers Plaintiff's Claims. ................... 9

   B.    Plaintiff's Claims Are Arbitrable On An Individual Basis. ......................... 14

     1.    *Concepcion* and its Progeny Hold that Requiring Class Arbitration Runs Afoul of the FAA's Purpose of Streamlining Proceedings. ........................... 14

     2.    The FAA Preempts Any State Law that Disfavors Arbitration. ............................ 16

     3.    TCPA Claims Are Arbitrable on an Individual Basis. ............................................ 19

   C.    The Court Should Stay This Action Pending Arbitration. .......................... 21

IV. CONCLUSION ...................................................................................................... 21



# TABLE OF AUTHORITIES

**CASES**

*Adams v. AT&T Mobility, Inc.,*
  816 F.Supp.2d 1077 (W.D. Wash. 2011) .......................................................... 17

*Adkins v. Labor Ready,*
  303 F.3d 496 (4th Cir. 2002) ........................................................................... 9

*Adler v. Fred Lind Manor,*
  153 Wash.2d 331, 103 P.3d 773 (2005) ................................................. 7, 9, 10, 11

*American Express Co. v. Italian Colors Restaurant,*
133 S. Ct. 2304 (2013) ........................................................................................ 3

*AT&T Mobility LLC v. Concepcion,* -- U.S. --,
  131 S.Ct. 1740 (2011) ................................................................................. passim

*Bailey v. Ameriquest Mortgage Co.,*
  346 F.3d 821 (8th Cir. 2003) ..................................................................... 10, 19

*Brown v. DIRECTV, LLC,*
  2013 WL 3273811, *6 (C.D. Cal. June 26, 2013) ............................................. 13

*Brown v. TrueBlue, Inc.,*
  Case No. 1:10–CV–0514, 2011 WL 5869773 at *8 (M.D. Pa. Nov. 22, 2011) ........ 10

*Cape Flattery Ltd. v. Titan Maritime, LLC,*
  647 F.3d 914, 922 (9th Cir. 2011), *cert. denied,*—— U.S. ——, 132 S.Ct. 1862, 182 L.Ed.2d
  658 (2012)). ...................................................................................................... 12

*Cayanan v. Citi Holdings, Inc.,*
  928 F.Supp.2d 1182 (S.D. Cal. 2013) ...................................................... 8, 12, 21

*CD Partners v. Grizzle,*
  424 F.3d 795 (8th Cir. 2005) ............................................................................. 3

*Chiafos v. Restaurant Depot, LLC,*
  2009 WL 2778077 (D. Minn. Aug. 28, 2009) .................................................... 10

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.,*
  207 F.3d 1126 (9th Cir. 2000) ............................................................................ 8

SMITH | ALLING ps
ATTORNEYS AT LAW
1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

*Coneff v. AT&T Corp.,*
   673 F.3d 1155 (9th Cir.2012) ........................................................................ 20

*Coppock v. Citigroup, Inc.,*
   2013 WL 1192632, *5 (W.D. Wash. Mar. 22, 2013).................................. 9, 17, 19

*Cunningham v. Leslie's Poolmart, Inc.,*
   2013 WL 3233211, at *3-5 (C.D. Cal. Jun. 25, 2013) ...................................... 18

*Cyganiewicz v. Sallie Mae, Inc.,*
   2013 WL 5797615, *4 (D. Mass. Oct. 24, 2013) .............................................. 13

*Dean Witter Reynolds, Inc. v. Byrd,*
   470 U.S. 213 (1985) ...........................................................................................7

*Delgado v. Progress Financial Co.,*
   2014 WL 1756282, *5-*6 (E.D. Cal. May 1, 2014)........................................... 13

*Ferguson v. Corinthian Colleges, Inc.,*
   733 F.3d 928 (9th Cir. 2013) ........................................................................... 17

*Franke v. Poly-America Medical and Dental Benefits Plan,*
   555 F.3d 656 (8th Cir. 2009) ........................................................................... 10

*Gannon v. Circuit City Stores, Inc.,*
   262 F.3d 677 (8th Cir.2001) ......................................................................... 8, 11

*Gilmer v. Interstate/Johnson Lane Corp.,*
   500 U.S. 20 (1991) .................................................................................. 7, 9, 10

*Green Tree Fin. Corp.-Ala. v. Randolph,*
   531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) ........................................9

*Green v. Supershuttle Int'l, Inc.,*
   653 F.3d 766, 769 (8th Cir. 2011). ................................................................. 17

*Howard Elec. & Mech. v. Briscoe Co.,*
   754 F.2d 847 (9th Cir. 1985) .............................................................................8

*Johnson v. Hubbard Broadcasting, Inc.,*
   940 F.Supp. 1447 (D. Minn. 1996) .............................................................. 9, 10

*Kaltwasser v. AT&T Mobility LLC,*
   812 F. Supp. 2d 1042 (N.D. Cal. 2011)............................................................ 20

SMITH | ALLING PS
ATTORNEYS AT LAW
1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

*Lang v. Burlington Northern Railroad Co.,*
    835 F.Supp. 1104 (D. Minn. 1993) ................................................................ 10

*Lyster v. Ryan's Family Steak Houses, Inc.,*
    239 F.3d 943 (8th Cir.2001) ........................................................................ 9

*Marmet Health Care Center, Inc. v. Brown,* --- U.S. ---,
    132 S.Ct. 1201 (2012) ................................................................................ 18

*McKee v. AT&T Corp.,*
    164 Wash.2d at 372, 191 P.3d 845 (2008) ................................................ 7

*McNamara v. Royal Bank of Scotland Group, PLC,*
    2012 WL 5392181  (S.D. Cal. Nov. 5, 2012) ........................................ 8, 13, 14

*Mortensen v. Bresnan Communications, LLC,*
    722 F.3d 1151 (9th Cir. 2013) ................................................................ 9, 18

*Morvant v. P.F. Chang's Bistro, Inc.,*
    870 F.Supp.2d 831 (N.D. Cal. 2012) ........................................................ 18

*Mulcahy v. Farmers Ins. Co.,*
    152 Wash.2d 92, 95 P.3d 313 (2004) ........................................................ 7

*Ottman v. Fadden,*
    575 N.W.2d 593 (1998) ............................................................................ 10

*Preston v. Ferrer,*
    552 U.S. 346, 128 S.Ct. 978 (2008) ........................................................ 16

*Rent-A-Center, West, Inc., v. Jackson,* -- U.S. --,
    130 S.Ct. 2772 (2010) ................................................................................ 7

*Sherman v. RMH, LLC,*
    2014 WL 30318, *6 (S.D. Cal. Jan. 2, 2014) ........................................ 19, 20

*Simula, Inc. v. Autoliv, Inc.,*
    175 F.3d 716  (9th Cir.1999) ...................................................................... 8

*Southland Corp v. Keating,*
    465 U.S. 1, 104 S. Ct. 852 (1984) ............................................................ 16

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* --U.S.--,
    130 S.Ct. 1758 (2010) ................................................................................ 8

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page iv

SMITH | ALLING PS
ATTORNEYS AT LAW

1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

*Velazquez v. Sears, Roebuck and Co.*,
    2013 WL 4525581 at *6 (S.D. Cal. Aug. 26, 2013) ............................................................ 18

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*,
    489 U.S. 468 (1989) .......................................................................................................... 7

*Wold v. Dell Financial Services, L.P.*,
    598 F.Supp.2d 984 (D. Minn. 2009) ..................................................................... 7, 8, 9, 12

*Zuver v. Airtouch Communications, Inc.*,
    153 Wash.2d 293, 103 P.3d 753 (2004) ........................................................................ 7, 11

**STATUTES**

Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et seq* ..................................................... 2, 6, 21

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page v



1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Defendants Labor Ready Midwest, Inc. (erroneously sued as TrueBlue, Inc., dba Labor Ready, Inc.) and TrueBlue, Inc. (collectively, "Defendants") respectfully move the Court, in accordance with Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et seq.*, to compel Plaintiff Daniel Joseph ("Plaintiff") to arbitrate the claims for relief alleged in his Complaint on an individual basis in accordance with the terms of the Employment and Dispute Resolution Agreement ("Arbitration Agreement") signed by Plaintiff on December 10, 2013, and to stay this litigation pending arbitration.  This motion is supported by the Memorandum of Authorities set forth below and the declarations of Todd Gilman in support of Defendants' Motion to Transfer Venue and Motion to Compel Arbitration.

# I. INTRODUCTION

Plaintiff Daniel Joseph ("Plaintiff") entered into a written Employment and Dispute Resolution Agreement ("Arbitration Agreement") with Labor Ready, a TrueBlue Company[1] in which he agreed to resolve any claims against Labor Ready through binding arbitration under the Federal Arbitration Act ("FAA").  Plaintiff also expressly agreed not to bring any class or collective actions, or representative proceedings against Labor Ready. Notwithstanding this enforceable and unambiguous agreement, Plaintiff filed the instant putative class action lawsuit against Defendants TrueBlue, Inc. dba Labor Ready, Inc., and TrueBlue, Inc.[2] (collectively referred to as "Defendants") alleging that Defendants violated

---

[1]   The specific Labor Ready entity with which Plaintiff was employed is Labor Ready Midwest, Inc. *See* Declaration of Todd Gilman in Support of Defendants' Motion to Transfer Venue ("Gilman Decl. re Venue"), ¶ 15.  Labor Ready Midwest, Inc. is a **wholly-owned** subsidiary of Defendant TrueBlue, Inc.  *Id.*

[2]   Although Defendant TrueBlue, Inc. did not sign the arbitration agreement, as the parent of Labor Ready, TrueBlue is entitled to enforce the agreement as a third-party beneficiary and under the principal of equitable estoppel.  *See CD Partners v. Grizzle,* 424 F.3d 795, 798–799

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 2



1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

the Telephone Consumer Protection Act ("TCPA") by sending unauthorized text message calls ("SMS Messages") to his cellular telephone after Plaintiff allegedly opted out of receiving job alerts from Labor Ready via text message.

The issue of whether Plaintiff's claims should be compelled to arbitration is not even close. This Court should enforce Plaintiff's Arbitration Agreement pursuant to the FAA, which creates a strong preference for arbitration of disputes under the terms of the arbitration agreement. The United States Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) makes clear that class or collective action waivers in arbitration clauses are enforceable, and the Court's more recent decision in *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013) confirmed these principles. Furthermore, several recent District Court decisions have held that TCPA claims, like those brought by Plaintiff herein, are arbitrable on an individual basis. There is not a reported decision that supports Plaintiff's filing of this litigation in court.

Because courts must enforce arbitration agreements according to their terms, resolving any doubts in favor of arbitration, and because Plaintiff's Arbitration Agreement explicitly covers the claims in his Complaint, there is no question that the Arbitration Agreement should be enforced. Therefore, Defendants respectfully request that this Court grant their motion and compel Plaintiff to submit his claims to binding arbitration on an individual basis in

---

(8th Cir. 2005) (A nonsignatory can enforce an arbitration clause against a signatory to the agreement . . . when the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided.) (quotations and citations omitted).



MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 3

1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

accordance with the plain terms of the Arbitration Agreements, and stay the instant action pending completion of such arbitration.

## II.     STATEMENT OF FACTS

Labor Ready Midwest, Inc. ("Labor Ready"), a wholly-owned subsidiary of Defendant TrueBlue, Inc., specializes in blue collar on-demand labor needs for a variety of businesses. Gilman Decl. re Venue., ¶ 6.  On December 10, 2013, Plaintiff entered into the Arbitration Agreement with Labor Ready in which he agreed to arbitrate any claims related to his employment or application for employment with Labor Ready, including, but not limited to, claims based on any violation of a federal law and any claims based in tort.  *See* Declaration of Todd Gilman in Support of Motion to Compel Arbitration ("Gilman Decl. re Motion to Compel Arbitration") ¶ 4, Ex. A (Plaintiff's signed Arbitration Agreement).  In pertinent part, the Arbitration Agreement states:

> **Agreement to arbitrate**.  Labor Ready and I agree that for any claim arising out of or relating to my employment, application for employment, and/or termination of employment, this Agreement, or the breach of this Agreement, shall be submitted to and resolved by binding individual arbitration under the Federal Arbitration Act ("FAA").  Labor Ready and I agree that all claims shall be submitted to arbitration including, but not limited to, claims based on any alleged violation of a constitution, or any federal, state, or local laws; . . . or any claim based in tort, contract, or equity. . . .
>
> **Scope of Arbitration.**  Labor Ready and I agree that arbitration in no way limits the relief that any party may seek in the jurisdiction in which arbitration has been filed.  **LABOR READY AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN MY OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION, COLLECTION ACTION, OR REPRESENTATIVE PROCEEDING.**  Further, unless both Labor Ready and I agree otherwise, the arbitrator may not . . . otherwise preside over any form of a representative or class proceeding. . . .

*See* Gilman Decl., ¶ 4, Ex. A  (Emphasis in original.)

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 4



1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1   Under the Arbitration Agreement, arbitration is to be administered by the American

2   Arbitration Association ("AAA") under its Employment Arbitration rules then in effect.  *See*

3   Gilman Decl. re Motion to Compel Arbitration, ¶ 4, Ex. A.  Labor Ready agreed to pay all

4   AAA filing fees, administration, and arbitration fees for any arbitration.  *Id.*

5   Plaintiff acknowledged that he read and understood the terms of the Arbitration

6   Agreement by signing and dating it.  Gilman Decl. re Motion to Compel Arbitration, ¶ 4, Ex.

7   A.

8   In connection with his employment with Labor Ready, on the same date he entered

9   into the Arbitration Agreement, Plaintiff also executed a Dispatch and Employment Terms

10   and Conditions acknowledgement ("Employment Acknowledgement") in which he expressly

11   consented to receive job alerts from Labor Ready through text message.  *See* Gilman Decl. re

12   Motion to Compel Arbitration, ¶ 5, Ex. B.  (Plaintiff's signed Employment

13   Acknowledgement).  The Employment Acknowledgement states, in pertinent part:

14   **Consent to Text Message Contact.**  In order to receive alerts regarding
   potential job opportunities ("Job Alerts") and other messages related to my

15   actual or prospective employment (such as general announcements and safety
   tips), and for other purposes, I agree that Labor Ready and its affiliates, agents,

16   service providers, business partners, successors, and/or assigns ("Company")
   may contact me by telephone at any telephone number that I have provided to
   the Company or will provide to the Company, including telephone numbers

17   that are or may be assigned to wireless devices.  I acknowledge and agree that
   Company may place such telephone calls by voice call and/or text messaging

18   (including SMS and/or MMS text messages).  I further agree that Company
   may place such telephone calls through the use of pre-recorded/artificial voice

19   messages and/or the use of an automatic telephone dialing device.  I
   understand that Company may contact me by telephone, including by text

20   messaging, any day of the week and at any time, and understand that I may
   incur charges related to such contact in accordance with my wireless telephone

21   plan or otherwise. . . . I waive any right to a legal action under the Telephone
   Consumer Protection Act, or any similar state or federal law, in connection

22   with any telephone contact from Company.

   *See* Gilman Decl. re Motion to Compel Arbitration, ¶ 5, Ex. B.

23

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 5



Thus, Plaintiff understood and agreed that one of the terms and conditions of his employment with Labor Ready was that he would receive job alerts by text message or other telephonic means, including by use of an automatic telephone dialing device. *Id.*

Despite his unambiguous agreement to submit all disputes relating to his employment to binding arbitration, and to proceed on an individual basis only, Plaintiff filed the instant putative class action on September 25, 2014 in the United States District Court for the Eastern District of Washington, Spokane Division, alleging that Defendants violated the TCPA by sending job alerts to Plaintiff via text message using an automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system after Plaintiff allegedly opted out of receiving such messages. *See* Plaintiff's Complaint ("Compl.") at ¶¶ 19-29, 42-51. Defendants moved to change venue to the United States District Court for the Western District of Washington, Tacoma Division, and Defendants' motion was granted on December 9, 2014, as neither Plaintiff nor Defendant had any connection with the Eastern District.

## III.   LEGAL ARGUMENT

### A.   The Court Should Compel Plaintiff to Arbitrate His Claims.

#### 1.   The FAA Requires Courts to Enforce Arbitration Agreements on the Terms Agreed to by the Parties.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et seq.* provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Congress enacted the FAA in 1925 to reverse longstanding hostility towards arbitration on the part of the judiciary. *AT&T Mobility LLC v. Concepcion*, -- U.S. --, 131

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 6



1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

S.Ct. 1740, 1745 (2011).  The Supreme Court has consistently emphasized that the purpose of

the FAA is to "place an arbitration agreement 'upon the same footing as other contracts,

where it belongs.'" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985) (quoting

H.R. Rep. No. 96, 68th Cong., 1st Sess., 1 (1924)).  Both federal and relevant state law

manifest a liberal policy in favor of arbitration.[3]  *See Gilmer v. Interstate/Johnson Lane*

*Corp.*, 500 U.S. 20, 25 (1991); *Zuver v. Airtouch Communications, Inc.,* 153 Wash.2d 293,

302, 103 P.3d 753 (2004) ("federal and state courts presume arbitrability"); *Adler v. Fred*

*Lind Manor,* 153 Wash.2d 331, 342, 103 P.3d 773 (2005) (same); *Wold v. Dell Financial*

*Services, L.P.,* 598 F.Supp.2d 984, 986 (D. Minn. 2009) ("arbitration agreements are preferred

as a matter of national policy").

       Agreements to arbitrate are a matter of contract, *Rent-A-Center, West, Inc., v. Jackson*,

-- U.S. --, 130 S.Ct. 2772, 2776 (2010), and must be enforced according to their terms, as any

other contract must be enforced.  *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford*

*Junior Univ.*, 489 U.S. 468, 474, 478 (1989); *see also Concepcion*, 131 S.Ct. at 1748 ("The

overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements

---

[3]  The Arbitration Agreement does not contain a specific choice of law provision.  *See* Gilman Decl. re Motion to Compel Arbitration, ¶ 4, Ex. A.  In the absence of a choice of law provision, Washington applies the "most significant relationship" test from the *Restatement, supra,* § 188.  *McKee v. AT&T Corp.,* 164 Wash.2d 372, 384, 191 P.3d 845 (2008) (citing *Mulcahy v. Farmers Ins. Co.,* 152 Wash.2d 92, 100, 95 P.3d 313 (2004)).  In applying this test, "[c]ourts weigh the relative importance to the particular issue of (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance of the contract, (d) the location of the subject matter of the contract, and (e) the domicile, residence, or place of incorporation of the parties. *Id.* (citing Restatement, *supra,* § 188)." *Id.* at 384-385.  Here, Plaintiff pleads that he is a citizen of the State of Minnesota, residing in Ramsay County, Minnesota.  Compl., ¶ 5.  Both the Arbitration Agreement and the Employment Acknowledgement were entered into in Minnesota, and the only work Plaintiff performed for Labor Ready was performed in Minnesota.  *See* Gilman Decl. re Motion to Compel Arbitration, ¶¶ 4-5, Exs. A-B.  Therefore, Minnesota law should govern.  However, as this action has been filed in Washington, and TrueBlue is headquartered in Tacoma, Washington, Defendants have also included Washington

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 7



according to their terms so as to facilitate streamlined proceedings."); *Wold,* 598 F.Supp.2d at 986 ("Arbitration is a matter of contract between the parties . . .").

In connection with a motion to compel arbitration, the role of the court is limited to a determination of (1) whether the parties entered into a valid agreement to arbitrate, and if so, (2) whether the present claims fall within the scope of that agreement.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc*., 207 F.3d 1126, 1130 (9th Cir. 2000); *see also Cayanan v. Citi Holdings, Inc.,* 928 F.Supp.2d 1182, 1192-1193 (S.D. Cal. 2013) (same);  *Wold,* 598 F.Supp.2d at 986 (same) (citing *Gannon v. Circuit City Stores, Inc.,* 262 F.3d 677, 680 (8th Cir.2001)); *McNamara v. Royal Bank of Scotland Group, PLC,* 2012 WL 5392181, *3 (S.D. Cal. Nov. 5, 2012) ("'The standard for demonstrating arbitrability is not high.'  *Simula,* [*Inc. v. Autoliv, Inc.,*] 175 F.3d [716,] 719 [(9th Cir.1999)].  The district court can only determine whether an agreement to arbitrate exists, and if so, to enforce it in accordance with its terms.  *Id.* at 720 (citing *Howard Elec. & Mech. v. Briscoe Co.,* 754 F.2d 847, 849 (9th Cir. 1985)).").  If these factors are met, the court **must** enforce the arbitration agreement in accordance with its precise terms.  *See Concepcion,* 131 S.Ct. at 1748 (courts must enforce arbitration agreements according to their terms).

Parties are "generally free to structure their arbitration agreements as they see fit." *Volt*, 489 U.S. at 479.  For example, parties may agree on rules under which they will arbitrate, and are free to limit the issues arbitrated and with whom they will arbitrate.  *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, --U.S.--, 130 S.Ct. 1758, 1774 (2010).  Courts rigorously enforce arbitration agreements according to their terms in order to "give effect to

---

authority which fully supports an order compelling Plaintiff's claims to arbitration on an individual basis.



SMITH | ALLING PS
ATTORNEYS AT LAW
1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

the contractual rights and expectations of the parties" while giving effect to the policies behind the FAA.  *Volt,* 489 U.S. at 479.

"As arbitration is favored, those parties challenging the enforceability of an arbitration agreement bear the burden of proving that the provision is unenforceable." *Mortensen v. Bresnan Communications, LLC,* 722 F.3d 1151, 1157 (9th Cir. 2013) (citing *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); *see also Coppock v. Citigroup, Inc.,* 2013 WL 1192632, *5 (W.D. Wash. Mar. 22, 2013) (citing same); *Adler,* 153 Wash.2d at 342 (citing same).

### 2.  A Valid Arbitration Agreement Exists and Covers Plaintiff's Claims.

In order to determine whether an agreement to arbitrate exists, this Court must apply basic principles of law involving formation, revocation, and enforcement of contracts generally.  *See Wold,* 598 F.Supp.2d at 986 ("The validity of an arbitration agreement is determined by state contract law.") (citing *Lyster v. Ryan's Family Steak Houses, Inc.,* 239 F.3d 943, 946 (8th Cir.2001)); *Johnson v. Hubbard Broadcasting, Inc.,* 940 F.Supp. 1447, 1454 (D. Minn. 1996) ("In its evaluation of the arbitration agreement, the Court must apply ordinary principles of Minnesota contract law."); *McKee,* 164 Wash.2d at 383 ("When the validity of an agreement to arbitrate is challenged, courts apply ordinary state contract law.").

Courts have consistently held that arbitration clauses contained in employment agreements, including an earlier version of Labor Ready's arbitration agreement with its workers, are valid and enforceable and that statutory and other claims related to the employment relationship are arbitrable.  *See, e.g., Adkins v. Labor Ready,* 303 F.3d 496 (4th Cir. 2002); *Gilmer,* 500 U.S. at 23 (employee's age discrimination claim subject to

SMITH | ALLING PS
ATTORNEYS AT LAW

1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

compulsory arbitration pursuant to his employment agreement); *see also Chiafos v. Restaurant Depot, LLC,* 2009 WL 2778077 (D. Minn. Aug. 28, 2009) (ordering employee's sexual harassment claims to arbitration); *Lang v. Burlington Northern Railroad Co.,* 835 F.Supp. 1104, 1105-1106 (D. Minn. 1993) (ordering wrongful termination dispute to arbitration); *Ottman v. Fadden,* 575 N.W.2d 593 (1998) (compelling arbitration of employee's post-resignation defamation claim as a claim arising out of the employment relationship); *Franke v. Poly-America Medical and Dental Benefits Plan,* 555 F.3d 656, 658 (8th Cir. 2009) (compelling arbitration of ERISA claims); *Bailey v. Ameriquest Mortgage Co.,* 346 F.3d 821 (8th Cir. 2003) (holding that employees' Fair Labor Standards Act claims for unpaid overtime compensation were subject to arbitration agreement).  In addition, a substantially similar arbitration clause was found to be valid and enforceable after TrueBlue brought a motion to compel arbitration in an action where the plaintiffs were employed by another one of TrueBlue's subsidiaries, Labor Ready Northwest, Inc.  *See Brown v. TrueBlue, Inc*., Case No. 1:10–CV–0514, 2011 WL 5869773 at *8 (M.D. Pa. Nov. 22, 2011).

In holding that claims arising out of an employment relationship are arbitrable, courts have made clear that the mere fact that arbitration agreements are generally imposed as a requirement of employment does not render such agreements void on the basis of procedural unconscionability.  *See Johnson,* 940 F.Supp. at 1456 ("[T]he mere allegation that an arbitration agreement resulted from an inequality of bargaining power simply will not suffice to invalidate the agreement."); *Ottman,* 575 N.W.2d at 597 ("Mere inequality in bargaining power is an insufficient basis to invalidate an arbitration agreement.") (citing *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. at 33); *Adler,* 153 Wash.2d at 348-349 ("[W]e have



held that while unequal bargaining power may exist between parties, the mere existence of

unequal bargaining power will not, standing alone, justify a finding of procedural

unconscionability."); *Zuver,* 153 Wash.2d at 305 ("Washington courts have long held that the

fact that unequal bargaining power exists will not, standing alone, justify a finding of

procedural unconscionability.").

Courts have also routinely severed otherwise unconscionable provisions in order to

enforce arbitration agreements, further evidencing the strong federal policy in favor of

arbitration.[4]  *See Gannon v. Circuit City Stores, Inc.,* 262 F.3d 677, 682-683 (8th Cir. 2001)

(rejecting plaintiff's public policy arguments against arbitration of discrimination and

retaliation claims and holding that provision limiting punitive damages could be severed in

order for arbitration agreement to be enforced);[5] *see also Adler,* 153 Wash.2d at 359-60

(holding that unconscionable provisions related to attorneys' fees and statute of limitations

could be severed from arbitration agreement); *Zuver,* 153 Wash.2d at 320-321 (enforcing

agreement to arbitrate employment discrimination claims and severing substantively

---

[4]  The Arbitration Agreement at issue herein expressly provides: "If any provision of these Terms and Conditions is determined to be unenforceable, such determination will not affect the validity of any other provision, and the provision shall be reformed to reflect the intent of the provision to the greatest extent permissible." *See* Gilman Decl. re Motion to Compel Arbitration, ¶ 4, Ex. A.  Thus, if Plaintiff contends that any provision in the Arbitration Agreement is unconscionable (a contention which Defendants dispute), it can be severed or reformed as appropriate and the agreement to arbitrate Plaintiff's TCPA claims on an individual basis can be enforced.

[5]  In so holding, the court stated: "In an evolving climate such as this, if we were to hold entire arbitration agreements unenforceable every time a particular term is held invalid, it would discourage parties from forming contracts under the FAA and severely chill parties from structuring their contracts in the most efficient manner for fear that minor terms eventually could be used to undermine the validity of the entire contract. Such an outcome would represent the antithesis of the 'liberal federal policy favoring arbitration agreements.' *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24; *see also Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) ('Arbitration under the [FAA] is a matter of consent, not coercion, and

SMITH | ALLING PS
ATTORNEYS AT LAW
1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

unconscionable confidentiality and remedies provisions).

Indeed, "the fact that arbitration agreements are preferred as a matter of national policy creates a presumption that they are generally reasonable as a matter of contract law." *Wold,* 598 F.Supp.2d at 988 (citing *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006)).

Here, there is no question that Plaintiff entered into a valid and enforceable agreement to arbitrate when he executed the Arbitration Agreement with Labor Ready and that the Arbitration Agreement covers the claims alleged in Plaintiff's Complaint.  In the Arbitration Agreement, Plaintiff expressly agreed to arbitrate any claims "relating to" his employment or application for employment, including claims based on any alleged violation of a federal law and any tort claims.  Gilman Decl. re Motion to Compel Arbitration, ¶ 4, Ex. A; *see also Cayanan,* 928 F.Supp.2d at 1207 (noting that the Ninth Circuit has indicated that arbitration clauses that use "relating to" language are generally considered broad in scope) (citing *Cape Flattery Ltd. v. Titan Maritime, LLC,* 647 F.3d 914, 922 (9th Cir. 2011), *cert. denied,*—— U.S. ——, 132 S.Ct. 1862, 182 L.Ed.2d 658 (2012)).

Each of Plaintiff's claims for relief is a tort claim arising under the TCPA – a federal statute, and the Arbitration Agreement expressly covers "claims based on any alleged violation of a constitution, or any federal, state, or local laws; . . . or any claim based in tort, . . . ."  *See* Compl., ¶¶ 42-59; *see also* Gilman Decl. re Motion to Compel Arbitration, ¶ 4, Ex. A.  Several district courts have recently held that TCPA claims are arbitrable.  *See Cayanan.,* 928 F.Supp.2d at 1207-08 (ordering plaintiff's statutory tort claims under the TCPA to

---

parties are generally free to structure their arbitration agreements as they see fit.').  Accordingly, we reject Gannon's public-policy arguments." *Gannon,* 262 F.3d at 682.

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 12



SMITH | ALLING PS
ATTORNEYS AT LAW
1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

arbitration where "calls made to plaintiffs 'because Plaintiffs had failed to make timely payments on their accounts,' for the limited purpose of collecting money owed them,' and not ... for advertising, marketing, or other purposes unrelated to the accounts,' were related to the delinquent credit accounts' and thus TCPA claims based on those calls were covered by Citi arbitration clause"); *Brown v. DIRECTV, LLC,* 2013 WL 3273811, *6 (C.D. Cal. June 26, 2013) (compelling arbitration of TCPA claims); *McNamara v. Royal Bank of Scotland Group, PLC,* 2012 WL 5392181, *7 (S.D. Cal. Nov. 5, 2012) (ordering TCPA claims to arbitration); *Cyganiewicz v. Sallie Mae, Inc.,* 2013 WL 5797615, *4 (D. Mass. Oct. 24, 2013) (holding that TCPA claims were subject to arbitration).

Moreover, the Employment Acknowledgement that Plaintiff signed directly refers and consents to Plaintiff's receipt of job alerts by text message in connection with his employment with Labor Ready, thus clearly acknowledging that receipt of such text messages was one of the terms and conditions of Plaintiff's employment with Labor Ready. Gilman Decl. re Motion to Compel Arbitration, ¶¶ 5, Ex. B. The Employment Acknowledgement also expressly references the Telephone Consumer Protection Act. *Id.* Therefore, it is clear that Plaintiff's claims under the TCPA, which are predicated on his receipt of job alerts from Labor Ready by text message through the use of an "automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system" (Compl., ¶¶ 19-31), relate to his "employment" and "application for employment" and, thus, are within the scope of the Arbitration Agreement. *See Delgado v. Progress Financial Co.,* 2014 WL 1756282, *5-*6 (E.D. Cal. May 1, 2014) (TCPA claims were within the scope of the arbitration provision and held to be arbitrable where the disclosure form contained a clause in which the plaintiff

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 13



specifically authorized the defendant to contact the plaintiff by text message and pre-recorded calls regarding his loan application, loan payments, the collection of his loan account, promotions, and other important communications); *see also McNamara,* 2012 WL 5392181 at *7 (TCPA claims were within the scope of arbitration agreement and held to be arbitrable where the calls at issue related to collection activity and the arbitration provision expressly covered claims related to "any servicing and collection activity" and discussed consent regarding telephone calls).

Finally, the Arbitration Agreement expressly precludes class, collective or representative actions. *See* Gilman Decl. re Motion to Compel Arbitration, ¶ 4, Ex. A.

Because there is an enforceable and binding arbitration agreement that applies to this dispute, and because there is no ambiguity as to the terms of that agreement, Plaintiff's claims must be arbitrated.

## B.      Plaintiff's Claims Are Arbitrable On An Individual Basis.

Plaintiff and Labor Ready agreed to arbitrate all claims on an individual basis, expressly waiving any right to proceed on a class, representative or collective basis.  Recent authority mandates the conclusion that Plaintiff's TCPA claims must be arbitrated on an individual basis.

### 1.      *Concepcion* and its Progeny Hold that Requiring Class Arbitration Runs Afoul of the FAA's Purpose of Streamlining Proceedings.

In April 2011, the United States Supreme Court issued its decision in *AT&T Mobility LLC v. Concepcion,* clarifying that any state law (whether of statutory or judicial creation) that interferes with the FAA's intent of enforcement of arbitration agreements according to



their terms is preempted by the FAA.  Specifically, the Court found that a California state rule--the *Discover Bank* rule--conditioning the enforceability of certain arbitration agreements on the availability of class-wide arbitration procedures, was preempted by the FAA because it interfered with the "overarching purpose" of the FAA "to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." 131 S. Ct. at 1748.

In so holding, the Supreme Court provided several reasons why requiring class-wide arbitration interferes with the fundamental purpose of the FAA.  *Id*.  First, "the switch from bilateral to class arbitration sacrifices the principal advantage of arbitration—its informality—and makes the process slower, more costly, and more likely to generate procedural morass than final judgment."  *Id.* at 1751.  Second, because of the due process rights of absent third parties, class arbitration requires procedural formality and the Court found it unlikely that in passing the FAA, Congress meant to leave the disposition of such procedural requirements to an arbitrator.  *Id.* at 1751-52.  Indeed, as the Supreme Court observed, Congress did not contemplate class arbitration when it passed the FAA, because class arbitration did not exist at that time.  *Id.*  Third, the Court explained that arbitration is "poorly suited to the higher stakes of class litigation."  *Id.* at 1752.  "We find it hard to believe that defendants would bet the company with no effective means of review, and even harder to believe Congress would have intended to allow state courts to force such a decision**.**"  *Id.*

In 2013, the United States Supreme Court again emphasized these principles in *American Ex. Co. v. Italian Colors Restaurant,*  133 S.Ct. 2304, -- U.S. --  (2013).   In response to a judicially created loophole that invalidated class action waivers where claims

SMITH | ALLING PS
ATTORNEYS AT LAW

1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

were of such low value that claimants alleged they could not vindicate their federal statutory

rights without the availability of a class proceeding, the Court opined that "our decision in

*AT&T Mobility* all but resolves this case." *Id.* at 2307.  Specifically, *Concepcion* held that

enforcement of an arbitration agreement could not be conditioned on the availability of class-

wide arbitration <u>and that any law to the contrary was preempted by the FAA</u>.  *Id.* at 2312.

　　　　Thus, any argument that Plaintiff's Arbitration Agreement cannot be enforced because

it contains a class action waiver is foreclosed by *Concepcion* and *Italian Colors,* which

establish that any state law forbidding class action waivers "stands as an obstacle to the

accomplishment and execution of the full purposes and objectives of Congress," and is

preempted by the FAA.  *Concepcion*, 131 S. Ct. at 1753.

### 2.　　The FAA Preempts Any State Law that Disfavors Arbitration.

　　　　In the *Concepcion* decision*,* the Supreme Court specifically identified two types of

state rules which ran afoul of the FAA.  The first type involves rules that "prohibit outright

the arbitration of a particular type of claim. . . . ."  *Id.* at 1747.  The second type involves

generally available contract defenses such as unconscionability, that are "applied in a fashion

that disfavors arbitration."  *Id.*  With respect to the former, the Court declared that "the

analysis is straightforward," and that any rule excluding wholesale certain types of claims

from arbitration is "displaced by the FAA."  *Id.* citing *Preston v. Ferrer*, 552 U.S. 346, 353,

128 S.Ct. 978 (2008); *see also Southland Corp v. Keating*, 465 U.S. 1, 10, 104 S. Ct. 852

(1984) (emphasis added) (holding that, "In enacting § 2 of the [FAA], Congress declared a

national policy favoring arbitration and <u>withdrew the power of the states to require a judicial</u>



1    forum for the resolution of claims which the contracting parties agreed to resolve by

2    arbitration.")

3         Following *Concepcion,* numerous decisions, including decisions of federal courts in

4    both Minnesota and Washington, have adhered to and confirmed these principles.   For

5    example, in *Green v. Supershuttle Int'l, Inc.*, the Eighth Circuit held that a Minnesota state

6    law-based challenge to the enforceability of a class action waiver in an arbitration agreement

7    was preempted by the FAA, and that "*Concepcion* forecloses [plaintiff's] claim that the

8    district court erred in concluding the class action waivers were enforceable."  *Green,* 653 F.3d

9    766, 769 (8th Cir. 2011).

10        In *Coppock v. Citigroup, Inc.,* the United States District Court for the Western District

11   of Washington held that "[u]nder *Concepcion,* the Court cannot consider Washington's policy

12   on unconscionability of class action waivers – 'fundamental' or not, and of 'materially greater

13   interest' to Washington than South Dakota or not— [in the choice of law analysis], since the

14   FAA preempts that policy and precludes a court from taking it into account in conducting the

15   unconscionability analysis. "  2013 WL 1192632 at *8, n.2; *see also Adams v. AT&T*

16   *Mobility, Inc.,* 816 F.Supp.2d 1077, 1087 (W.D. Wash. 2011) ("*Concepcion* is, at a minimum,

17   the death knell for any application of state law that declares arbitration agreements

18   unenforceable because they bar class actions and class arbitrations."); *Ferguson v. Corinthian*

19   *Colleges, Inc.*, 733 F.3d 928, 934 (9th Cir. 2013) (California could not exempt "from

20   arbitration claims for public injunctive relief . . .").

21        Decisions of the United States Supreme Court and federal courts within the Ninth

22   Circuit also consistently confirm that the FAA preempts state law rules that preclude or

23

SMITH | ALLING PS
ATTORNEYS AT LAW
1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

disfavor arbitration. *See Marmet Health Care Center, Inc. v. Brown*, --- U.S. ---, 132 S.Ct. 1201, 1203-1204 (2012) (finding that the FAA preempted a West Virginia state public policy against predispute arbitration agreements that apply to claims of personal injury or wrongful death against nursing homes, and reiterated that any "categorical rule prohibiting arbitration of a particular type of claim," is "contrary to the terms and coverage of the FAA" and therefore preempted); *Mortensen,* 722 F.3d at 1160-61 (holding that a Montana law that all arbitration agreements constituted a waiver of a party's fundamental constitutional rights to trial by jury and a corresponding judicially-created rule that arbitration agreements were void as against public policy unless the waiver was voluntarily, knowingly, and intelligently made were preempted by the FAA in light of the holdings in *Concepcion* and noting that "the FAA's purpose is to give preference (instead of mere equality) to arbitration provisions."); *Morvant v. P.F. Chang's Bistro, Inc.*, 870 F.Supp.2d 831, 845-846 (N.D. Cal. 2012) (holding that *Concepcion* applied with equal force to employment agreements and determining that the arbitration agreement must be enforced even if it would prevent the plaintiff from acting as private attorneys general); *Velazquez v. Sears, Roebuck and Co.*, 2013 WL 4525581 at *6 (S.D. Cal. Aug. 26, 2013) ("Plaintiff's contention that the [arbitration] Agreement's ban on class arbitration is unconscionable under California law is an argument that is now expressly foreclosed by *Concepcion*." (Internal quotes and cite omitted)); *Cunningham v. Leslie's Poolmart, Inc.*, 2013 WL 3233211, at *3-5 (C.D. Cal. Jun. 25, 2013) (rejecting plaintiff's argument that class action waiver in arbitration agreement prevented vindication of statutory rights and must not be enforced).



Binding United States Supreme Court authority and overwhelmingly persuasive circuit and district court decisions all compel the conclusion that Plaintiff's claims must be ordered to arbitration on an individual basis, according to the terms of his valid Arbitration Agreement. The FAA plainly precludes any argument that Plaintiff's Arbitration Agreement cannot be enforced by virtue of either the claims he has brought or the fact that the agreement contains a class action waiver.

### 3.    TCPA Claims Are Arbitrable on an Individual Basis.

Consistent with *Concepcion*, recent district court decisions make clear that a TCPA claim is not exempted from an otherwise valid and enforceable arbitration agreement, including an agreement which waives the right to bring a class action. *See Mendoza v. AD Astra Recovery Services, Inc.,* 2014 WL 47777, *6, n.1 (C.D. Cal. Jan. 6, 2014) (determining that class action waiver did not render the contract substantively unconscionable, citing *Concepcion,* 131 S.Ct. at 1753, and ordering individual arbitration of plaintiff's TCPA claims); *Sherman v. RMH, LLC,* 2014 WL 30318, *6 (S.D. Cal. Jan. 2, 2014) (rejecting plaintiff's argument that the ban on class arbitration was unconscionable in light of the holding in *Concepcion,* 131 S.Ct. at 1753, and ordering plaintiff's individual TCPA claims to arbitration); *Coppock,* 2013 WL 1192632 at *7 (compelling arbitration of plaintiff's TCPA claim on an individual basis).

Notably, courts have rejected arguments that requiring a plaintiff to arbitrate TCPA claims on an individual basis would effectively result in an inability to vindicate the plaintiff's statutory rights. *See Coppock,* 2013 WL 1192632 at *7 (rejecting argument that requiring plaintiff to arbitrate her TCPA claims on an individual basis effectively deprived her of such

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 19



1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

claims, particularly where the arbitration agreement at issue required the defendant to reimburse the initial filing fee if the claimant prevails, to pay the fees and costs for the first day of the hearing, to advance or reimburse the filing and other fees under certain circumstances, and to pay attorneys' fees and expenses if allowed by applicable law and determined by the arbitrator, and where Citi agreed to advance the plaintiff's portion of the arbitration fees); *Sherman,* 2014 WL 30318 at *6-*7 (rejecting the plaintiff's contention that the class action waiver was unconscionable because "the single violation of the TCPA alleged in the Complaint would cost more for an attorney to litigate than the Plaintiff could expect to recover" on the basis that a similar argument was rejected by *Concepcion,* 131 S.Ct. at 1753, and, further, because the arbitration agreement provided for the advancement of arbitration fees).

These holdings are consistent with case law in the consumer class action context holding that the FAA preempts state law rules which would otherwise condition enforceability of arbitration agreements on the availability of classwide proceedings due to the potentially small amount of damages at stake in an individual action.  For example, in *Coneff v. AT & T Corp.,*  the Ninth Circuit determined that *Concepcion* foreclosed any argument that a Washington state law invalidating class action waivers was unconscionable, even though many small-value claims might go unprosecuted absent a class action.  *Coneff,* 673 F.3d 1155, 1160-1161 (9th Cir.2012) (citing *Concepcion,* 131 S.Ct. at 1753); *see also Kaltwasser v. AT&T Mobility LLC,* 812 F. Supp. 2d 1042, 1050 (N.D. Cal. 2011) ("*Concepcion* forecloses plaintiffs from objecting to class-action waivers in arbitration



1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

agreements on the basis that the potential cost of proving a claim exceed potential individual

damages").

Therefore, Plaintiff's TCPA claims must be ordered to arbitration on an individual

basis in pursuant to the terms of the Arbitration Agreement.

**C.     The Court Should Stay This Action Pending Arbitration.**

The FAA requires courts to stay proceedings when an issue before the court can be

referred to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States
> upon any issue referable to arbitration under an agreement in writing for such
> arbitration, the court in which such suit is pending, upon being satisfied that
> the issue involved in such suit or proceeding is referable to arbitration under
> such an agreement, shall on application of one of the parties stay the trial of the
> action until such arbitration has been had in accordance with the terms of the
> agreement, . . .

9 U.S.C. § 3; *see also Cayanan,* 928 F.Supp.2d at 1192-1193 ("Upon a showing that a party

has failed to comply with a valid arbitration agreement, the district court must issue an order

compelling arbitration. . . . If such a showing is made, the district court shall also stay the

proceedings pending resolution of the arbitration at the request of one of the parties bound to

arbitrate.  [9 U.S.C.] § 3.").

Accordingly, this matter should be stayed pending the outcome of arbitration.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their

Motion and enter an Order compelling Plaintiff's claims to binding arbitration on an

individual basis, in accordance with the Arbitration Agreement, and staying these proceedings

pending arbitration.



MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 21

1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1    Dated:  January 8, 2015              THOMPSON & KNIGHT LLP

2

3                                         By  /s/ David R. Ongaro
                                            David R. Ongaro

4                                           *Attorney for Defendant LABOR READY*
                                            *MIDWEST, INC. (erroneously sued as*
5                                           *TrueBlue, Inc. d/b/a Labor Ready, Inc.) and*
                                            *TRUEBLUE, INC.*

6
     Dated:  January 8, 2015              SMITH ALLING, PS
7

8

9                                         By     /s/ Michael McAleenan
                                            Michael E. McAleenan
                                            WSBA #29426
10
                                            *Attorney for Defendant LABOR READY*
11                                          *MIDWEST, INC. (erroneously sued as*
                                            *TrueBlue, Inc. d/b/a Labor Ready, Inc.) and*
                                            *TRUEBLUE, INC.*
12

13

14

15

16

17

18

19

20

21

22

23

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 22



1

**CERTIFICATE OF SERVICE**

2

3
     I hereby certify that I have this 8th day of January, 2015, served a true and correct

4
copy of the foregoing document, via the methods noted below, properly addressed as follows:

5
    ***Counsel for Plaintiff:***

6
| Beth E. Terrell, WSBA #26759 | _____ | Hand Delivery |
| TERRELL MARSHALL DAUDT | _____ | U.S. Mail (first-class, postage |
|   & WILLIE PLLC | | prepaid) |
| 936 North 34th Street, Suite 300 | _____ | Overnight Mail |
| Seattle, Washington 98103 | _____ | Facsimile |
| Facsimile: (206) 350-3528 | _____ | Email |
| Email: bterrell@tmdwlaw.com | **X** | ECF |

7

8

9

10
| Keith James Keogh | _____ | Hand Delivery |
| KEOGH LAW, LTD. | _____ | U.S. Mail (first-class, postage |
| 55 W. Monroe Street, Suite 3390 | | prepaid) |
| Chicago, Illinois 60603 | _____ | Overnight Mail |
| Facsimile: (312) 726-1093 | _____ | Facsimile |
| Email: keith@keoghlaw.com | _____ | Email: |
| | **X** | ECF |

11

12

13

14
    I declare under penalty of perjury under the laws of the State of Washington that the
foregoing is true and correct.

15
    DATED this 8th day of January, 2015, at San Francisco, California.

16

17
                  /s/ Bridgette Ollberding

18
                  BRIDGETTE OLLBERDING

19

20

21

22

23

5680 18 pj222608 1/8/15

MOTION TO COMPEL ARBITRATION
(Case No. 3:14-cv-05963 BHS) – Page 23

**SMITH | ALLING** PS
ATTORNEYS AT LAW

1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123