DAVID R. ONGARO, CA SBN. 154698 (admitted *pro hac vice*)
david.ongaro@tklaw.com
AMELIA D. WINCHESTER, CA SBN. 257928(admitted *pro hac vice*)
amelia.winchester@tklaw.com
THOMPSON & KNIGHT LLP
50 California Street, Suite 3325
San Francisco, CA  94111
Telephone:  (415) 433-3900
Facsimile:  (415) 433-3950

Michael E. McAleenan, WSBA #29426
SMITH ALLING, PS
Attorneys for Defendants
1515 Dock Street, Suite 3
Tacoma, WA  98402
253-627-1091
253-627-0123 (fax)
mmc@smithalling.com
julie@smithalling.com

*Attorneys for Defendants Labor Ready Midwest, Inc. (erroneously sued as TrueBlue, Inc.*
*d/b/a Labor Ready, Inc.) and TrueBlue, Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL JOSEPH, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUEBLUE, INC. d/b/a LABOR READY, INC., and TRUEBLUE, INC., Washington corporations,<br><br>Defendants. | No. 3:14-cv-05963 BHS<br><br>DECLARATION OF TODD GILMAN IN SUPPORT OF MOTION TO COMPEL ARBITRATION<br><br>NOTE ON MOTION CALENDAR: JANUARY 30, 2015<br><br>ORAL ARGUMENT REQUESTED |

DECLARATION OF TODD GILMAN
  (Case No. No. 3:14-cv-05963) – Page 1



I, Todd Gilman, declare as follows:

1. I am over 18 years of age and make this declaration based on personal knowledge and, if sworn as a witness, I could and would testify competently to the facts contained herein.

2. I am the Deputy General Counsel of Defendant TrueBlue, Inc. ("TrueBlue"). I have held this role since May 2010 and work out of TrueBlue's headquarters in Tacoma, Washington.

3. In my role as Deputy General Counsel, I am able to access the employment records of Labor Ready Midwest, Inc. employees and I have accessed and reviewed various records related to Daniel Joseph's employment with Labor Ready Midwest, Inc., including the arbitration agreement he signed and the Dispatch and Employment Terms and Conditions Acknowledgement ("Employment Acknowledgement") he signed.

4. Attached hereto as Exhibit A is a true and correct copy of the arbitration agreement that was signed by Daniel Joseph.

5. Attached hereto as Exhibit B is a true and correct copy of the Employment Acknowledgement in which Daniel Joseph consented to receive job alerts from Labor Ready by text message in the course of his employment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th Day of November, 2014 at Tacoma, Washington.



_____

Todd Gilman

SMITH | ALLING PS
ATTORNEYS AT LAW
1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

**EXHIBIT A**



a **TRUEBLUE** company

# Employment and Dispute Resolution

I understand that my employer is the Labor Ready legal entity indicated on my paycheck or pay stub. The terms and conditions of this application shall apply to my initial application for employment, my first job assignment, all subsequent job assignments, and the termination of my employment. If any provision of these Terms and Conditions is determined to be unenforceable, such determination will not affect the validity of any other provision, and the provision shall be reformed to reflect the intent of the provision to the greatest extent permissible.

In consideration of my employment, I agree to conform to the rules and regulations of Labor Ready and I understand that **MY EMPLOYMENT BY LABOR READY MAY BE TERMINATED AT ANY TIME BY ME OR LABOR READY WITH OR WITHOUT NOTICE, FOR ANY REASON.** I understand that no Manager, or any other employee or representative of Labor Ready other than the President of Labor Ready, has any authority to enter into any agreement with me for employment for any specified period of time, or to make any agreement contrary to any of the foregoing. I understand that I will not be entitled to receive any fringe benefits of any type from Labor Ready or Labor Ready's customer, including, but not limited to, such things as health insurance, pension plan, 401(K) plans, profit sharing plans, sick leave, and vacation. I understand the significance of my exclusion from these programs and irrevocably agree to my exclusion.

## Dispute Resolution

Agreement to arbitrate. Labor Ready and I agree that for any claim arising out of or relating to my employment, application for employment, and/or termination of employment, this Agreement, or the breach of this Agreement, shall be submitted to and resolved by binding individual arbitration under the Federal Arbitration Act ("FAA"). Labor Ready and I agree that all claims shall be submitted to arbitration including, but not limited to, claims based on any alleged violation of a constitution, or any federal, state, or local laws; Title VII claims of discrimination, harassment, retaliation, wrongful termination, wages, compensation due or violation of civil rights; or any claim based in tort, contract, or equity. In no way does this agreement limit an employee's ability to bring claims before the NLRB, EEOC, or any local, state or federal governmental or administrative agency, or the procedures of those agencies.

Scope of Arbitration. Labor Ready and I agree that arbitration in no way limits the relief that any party may seek in the jurisdiction in which arbitration has been filed. **LABOR READY AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN MY OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION, COLLECTIVE ACTION, OR REPRESENTATIVE PROCEEDING.** Further, unless both Labor Ready and I agree otherwise, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. If this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void. Notwithstanding the foregoing, either party may bring an individual action in small claims court.

Arbitration Procedure. Any arbitration between Labor Ready and I will be administered by the American Arbitration Association ("AAA") under its Employment Arbitration rules then in effect. Unless Labor Ready and I agree otherwise, any arbitration hearings will take place in the county (or parish) where I last worked for Labor Ready. Labor Ready will pay all AAA filing, administration, and arbitrator fees for any arbitration. If, however, the arbitrator finds that either the substance of my claim or the relief sought in the demand is frivolous or brought for an improper purpose (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b)), then the arbitrator may award all fees and costs as per Rule 11 to Labor Ready.

Claims Under $10,000. If my demand for arbitration is for $10,000 or less, Labor Ready will promptly reimburse me for my payment of any filing fee for arbitration, and we agree that I may choose whether the arbitration will be conducted solely on the basis of documents submitted to the arbitrator, through a telephonic hearing, or by an in-person hearing as established by the AAA Rules. Also, if after a finding in my favor in any respect on the merits of my claim, the arbitrator issues me an award that is greater than the value of Labor Ready's last written settlement offer made, then Labor Ready will: (1) pay me the amount of the award or $10,000, whichever is greater; and (2) pay my attorney, and reimburse any expenses (including expert witness fees and costs) that my attorney reasonably accrues for investigating, preparing, and pursuing my claim in arbitration.

## Statute of Limitations

Labor Ready and I agree that any claim arising out of or relating to this Agreement, or the breach of this Agreement, or my application, employment, or termination of employment, shall be submitted to arbitration, or filed with a court of competent jurisdiction where arbitration is not permitted by law, within one-year (365 days) of the date of the incident or occurrence giving rise to the claim including, but not limited to, claims based on any alleged violations of any constitution, or any federal, state, or local laws; Title VII claims of discrimination, harassment, retaliation, wrongful termination, compensation due or violation of civil rights; or any claim based in tort, contract, or equity. This time limitation in no way eliminates the effect of the continuing acts doctrine.

Signature: _____     Date: _12-10-13_

Labor Ready: _____     Date: _12/10/13_

**EXHIBIT B**



a **TRUEBLUE** company

## Dispatch and Employment Terms and Conditions

**Dispatch:** I understand that I am not required to work on any particular day and whether I register to work with a Labor Ready branch office is always my choice. If I do not register my availability to work, Labor Ready may assume that I am not available for work on that day. I understand that I am free to leave the dispatch office at any time, but I have a better opportunity for work if I am present when a job assignment is called. I understand that I will not be paid for time I spend in a Labor Ready branch office. I understand that Labor Ready follows a "right match dispatch" policy and not a "first in-first out" policy. I understand that decisions made regarding the application of the "right match dispatch" policy are at Labor Ready's sole discretion.

Failure to register my availability for work may affect my eligibility for unemployment compensation. I understand that merely registering my availability to work does not constitute employment, that I am not employed until I actually begin working a job assignment, and my employment with Labor Ready is terminated at the end of each day. I understand that after receiving a job assignment, I am free to leave the branch office and do as I wish until the job assignment starts. I understand that I will not be paid for time spent at a Labor Ready branch office after receiving a job assignment or for time commuting to the customer's job site. I understand the importance of never being late for a job assignment.

**Confidentiality Statement:** Employees and former employees are prohibited from releasing to any other party any information whatsoever about Labor Ready or its customers which is confidential or a trade secret and are prohibited from using such information for the gain of any person. Any information which has not been disclosed publicly in writing should be treated as confidential and proprietary.

**Equal Employment Opportunity:** It is our policy to seek and employ the best qualified personnel and to provide equal opportunity for the advancement of employees and to administer all of our personnel policies in a manner that will not discriminate against any person because of race, gender, color, religion, ancestry, national origin, age, marital or family status, veteran status, physical or mental disabilities, on-the-job injuries, citizenship, HIV or AIDS, sexual orientation or assertion of any other legally enforceable rights.

**Drug Testing:** Labor Ready is a drug free workplace. I acknowledge that I have read and reviewed Labor Ready's Anti-Substance Abuse Policy. I know that some job assignments require that workers undergo drug testing. I may participate in such job assignments if I consent to be tested according to Labor Ready's Anti-Substance Abuse Policy. If I consent to take such a drug test, I also consent to the results of such test being shared with Labor Ready's customers.

**Accommodation:** I understand the duties, including physical requirements, of the position for which I am applying with Labor Ready and I certify that I am capable of performing the required tasks with or without reasonable accommodation. If after I am hired I am requested to perform work which I am unable to perform due to a disability, I will notify Labor Ready so that we may discuss the options for reasonable accommodation.

**Lien Waiver:** After I have been paid by Labor Ready for work that I have performed, I hereby assign, transfer and convey any and all lien rights I may have to Labor Ready for the work I have performed.

**Worker Verification:** I understand that I may be required to undergo employment authorization verification, also known as E-Verify. As such, I consent to my E-Verify results being shared with Labor Ready's customers.

**Consent to Text Message Contact.** In order to receive alerts regarding potential job opportunities ("Job Alerts") and other messages related to my actual or prospective employment (such as general announcements and safety tips) and for other purposes, I agree that Labor Ready and its affiliates, agents, service providers, business partners, successors, and/or assigns ("Company") may contact me by telephone at any telephone number that I have provided to Company or will provide to Company, including telephone numbers that are or may be assigned to wireless devices. I acknowledge and agree that Company may place such telephone calls by voice call and/or text messaging (including SMS and/or MMS text messages). I further agree that Company may place such telephone calls through the use of pre-recorded/artificial voice messages and/or the use of an automatic telephone dialing device. I understand that Company may contact me by telephone, including by text messaging, any day of the week and at any time, and understand that I may incur charges related to such contact in accordance with my wireless telephone plan or otherwise. I hereby agree to waive any and all claims I have against Company for reimbursement of any fees charged by my carrier for such telephone calls, including text messages, or for related expenses I might incur. I agree to inform a Company branch in writing should I wish to be removed from the telephone contact list. Should I specifically wish to stop receiving text messages, I understand that I may text "STOP" in reply to any text message received from Company, but that if I do so, Company may still contact me by other means, including through voice calls. I waive any right to a legal action under the Telephone Consumer Protection Act, or any similar state or federal law, in connection with any telephone contact from Company. I understand that it is always my choice to respond to a text message from Labor Ready, I am never required to respond to text or phone messages, and I agree that I will not be paid for time spent responding to text or phone messages. I agree that my use of any text messaging services will be governed by the terms of service and privacy policy indicated by the text messages I receive.

**Consent to Location Tracking.** In order to enable Labor Ready and its affiliates, agents, service providers, business partners, successors, and/or assigns ("Company") to be notified when I arrive and/or leave a job site and so that Company may contact me by telephone to alert me to employment opportunities close to my physical location, I give Company my express consent to track my location through my wireless device. I understand that I may unsubscribe from this service at any time by informing Company in writing that I wish to opt out of location tracking, or by texting "LOCOFF" in response to any text message that I receive from Company. I understand that texting "STOP" in response to any text message received from Company will remove me from the Company text messaging contact list, but will not unsubscribe me from the location tracking service.

Signature: _____ Date: _12-10-13_

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 8th day of January, 2015, served a true and correct

copy of the foregoing document, via the methods noted below, properly addressed as follows:

*Counsel for Plaintiff:*

| Beth E. Terrell, WSBA #26759 | | Hand Delivery |
|---|---|---|
| TERRELL MARSHALL DAUDT | | U.S. Mail (first-class, postage |
| & WILLIE PLLC | | prepaid) |
| 936 North 34th Street, Suite 300 | | Overnight Mail |
| Seattle, Washington 98103 | | Facsimile |
| Facsimile: (206) 350-3528 | | Email |
| Email: bterrell@tmdwlaw.com | **X** | ECF |

| Keith James Keogh | | Hand Delivery |
|---|---|---|
| KEOGH LAW, LTD. | | U.S. Mail (first-class, postage |
| 55 W. Monroe Street, Suite 3390 | | prepaid) |
| Chicago, Illinois 60603 | | Overnight Mail |
| Facsimile: (312) 726-1093 | | Facsimile |
| Email: keith@keoghlaw.com | | Email: |
| | **X** | ECF |

I declare under penalty of perjury under the laws of the State of Washington that the
foregoing is true and correct.

DATED this 8th day of January, 2015, at San Francisco, California.


/s/ Bridgette Ollberding
BRIDGETTE OLLBERDING

5680 18 pj222608 1/8/15

DECLARATION OF TODD GILMAN
(Case No. No. 3:14-cv-05963) – Page 2

**SMITH | ALLING** PS
ATTORNEYS AT LAW

1515 Dock Street, Suite 3
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123