HONORABLE BENJAMIN H. SETTLE

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL JOSEPH, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUEBLUE INC., dba LABOR READY, INC., and TRUEBLUE, INC., Washington corporations,<br><br>Defendants. | NO. 3:14-cv-05963-BHS<br><br>**PLAINTIFF'S SURREPLY TO STRIKE ARGUMENTS RAISED BY DEFENDANTS FOR THE FIRST TIME ON REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

Pursuant to LR 7(g), Plaintiff is filing this surreply to move to strike two arguments TrueBlue raises for the first time in its reply brief: (1) TrueBlue's argument that a nonsignatory such as itself may enforce the arbitration clause in Plaintiff's employment contract because it was acting as an agent of non-party Labor Ready Midwest; and (2) TrueBlue's request that the Court stay the claims against it pending the conclusion of "Plaintiff's arbitration with Labor Ready." It is well established that it is improper to raise new arguments on reply. *See, e.g., Swift v. Zynga Game Networks, Inc.*, 805 F. Supp.2d 904, 917 (N.D. Cal. 2011) (finding it was improper for defendants to "argue for the first time [in their reply] that they should be allowed to enforce the arbitration agreement because they are intended third party beneficiaries"); *see*

PLAINTIFF'S SURREPLY TO STRIKE ARGUMENTS RAISED BY DEFENDANTS FOR THE FIRST TIME ON REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION - 1
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*also U.S. v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief)).

Even if the Court considers these new arguments, both fail because (1) TrueBlue was not acting as Labor Ready Midwest's agent when it sent the spam text messages at issue and there is no applicable arbitration clause with any Labor Ready defendant or TrueBlue, and (2) there is no pending arbitration with Labor Ready Midwest, who is not a party to this action.

## I.  TrueBlue's New "Agency" Argument Should Be Stricken.

TrueBlue does not develop its new agency argument. It simply declares it is "entitled" to enforce the arbitration clause in Plaintiff's employment contract with non-party Labor Ready Midwest because allegedly TrueBlue was acting "on behalf of" Labor Ready Midwest when it sent the spam texts at issue. (ECF#48, p. 15). This argument is factually and legally wrong.

It is wrong factually because TrueBlue was not acting on behalf of Labor Ready Midwest when it sent the spam texts at issue. Plaintiff's employment with Labor Ready Midwest ended on January 3, 2014. (ECF#45, ¶18). TrueBlue did not start sending Plaintiff the spam text messages at issue until May 5, 2014, more than five months later, and nearly two months after Plaintiff had previously told TrueBlue to stop texting him. (ECF#1, ¶19-¶27). Also, TrueBlue presents no evidence to show it sent the texts as Labor Ready Midwest's agent. It just claims Plaintiff's complaint alleges TrueBlue sent the spam texts "on behalf of" Labor Ready Midwest. Plaintiff's complaint makes no such allegation.  Indeed, Plaintiff's complaint does not mention Labor Ready Midwest. Instead, Plaintiff's complaint uses the term "Labor Ready" only to refer to "Labor Ready, Inc.," a d/b/a TrueBlue that used. (ECF#1, ¶6). True Blue admits that "Labor Ready Midwest, Inc." is a distinct legal entity (*see* ECF#14, ¶6), but has now attempted to confuse the entities to support its argument.   To be clear, Plaintiff has not alleged that True Blue sent any texts on behalf of Labor Ready Midwest.

Legally, TrueBlue's agency argument fails for the same reason its equitable estoppel argument fails. A non-signatory to an arbitration clause cannot enforce the clause unless the

PLAINTIFF'S SURREPLY TO STRIKE ARGUMENTS
RAISED BY DEFENDANTS FOR THE FIRST TIME ON
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
COMPEL ARBITRATION - 2
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

claims at issue are "intertwined with the contract providing for arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1047 (9th Cir. 2009). TrueBlue cannot clear this hurdle because again, the underlying contract is Plaintiff's employment agreement with Labor Ready Midwest, the employment relationship ended more than five months before TrueBlue sent the spam texts at issue, and TrueBlue had already been told two months before sending the texts at issue to stop texting Plaintiff. In short, TrueBlue's belated agency argument fails.

## II.     TrueBlue's Request to Stay the Case Pending Plaintiff's Alleged "Arbitration with Labor Ready" Fails Because There Is No Such Arbitration.

TrueBlue essentially makes an entirely new motion at the end of its reply, stating the following: "If the Court declines to compel arbitration of Plaintiff's claims against TrueBlue, the Court should stay such claims pending conclusion of Plaintiff's arbitration with Labor Ready [Midwest]." (ECF#48, p. 16). This request fails because there is no arbitration between Plaintiff and Labor Ready Midwest. There is only this lawsuit against TrueBlue.

Plaintiff does not make any claim against Labor Ready Midwest, based on the spam text messages TrueBlue sent him or otherwise. Again, Labor Ready Midwest is not a party here. TrueBlue claims (without support) that Plaintiff meant to name Labor Ready Midwest as a party, and that the complaint simply misnames it, but that is false. Plaintiff has no reason to name Labor Ready Midwest as a party because his employment with Labor Ready Midwest ended on January 3, 2014, TrueBlue did not start sending the spam text messages at issue until more than five months later, Plaintiff had already told TrueBlue to stop texting him two months prior, and thus the spam text messages at issue have nothing to do with Labor Ready Midwest. So not only is there no arbitration between Plaintiff and Labor Ready Midwest pending, but there never will be one, as Plaintiff has no cause to initiate an arbitration with Labor Ready Midwest. Thus, TrueBlue's new request to stay this case pending an alleged "arbitration with Labor Ready Midwest" should also be denied.

PLAINTIFF'S SURREPLY TO STRIKE ARGUMENTS
RAISED BY DEFENDANTS FOR THE FIRST TIME ON
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
COMPEL ARBITRATION - 3
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

RESPECTFULLY SUBMITTED AND DATED this 4th day of February, 2015.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
     Beth E. Terrell, WSBA #26759
     Email:  bterrell@tmdwlaw.com
     936 North 34th Street, Suite 300
     Seattle, Washington  98103-8869
     Telephone:  (206) 816-6603
     Facsimile:  (206) 350-3528

     Keith James Keogh, *Admitted Pro Hac Vice*
     Email: keith@keoghlaw.com
     Michael Scott Hilicki, *Admitted Pro Hac Vice*
     Email: MHilicki@keoghlaw.com
     KEOGH LAW, LTD.
     55 W. Monroe Street, Suite 3390
     Chicago, Illinois  60603
     Telephone:  (312) 726-1092
     Facsimile:   (312) 726-1093

     Christopher A. Johnston
     Email:  cjohnston@jm-legal.com
     Christopher P. Martineau
     Email: cmartineau@jm-legal.com
     JOHNSTON MARTINEAU PLLP
     2233 Hamline Avenue North, Suite 102
     Saint Paul, Minnesota  55113
     Telephone:  (651) 269-8463
     Facsimile:   (612) 379.0480

*Attorneys for Plaintiff*

PLAINTIFF'S SURREPLY TO STRIKE ARGUMENTS
RAISED BY DEFENDANTS FOR THE FIRST TIME ON
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
COMPEL ARBITRATION - 4
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on February 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Michael E. McAleenan, WSBA #29426
>Email: mmc@smithalling.com
>Email: julie@smithalling.com
>SMITH ALLING, PS
>1515 Dock Street, Suite 3
>Tacoma, Washington 98402
>Telephone: (253) 627-1091
>Facsimile: (253) 627-0123
>
>David R. Ongaro, *Admitted Pro Hac Vice*
>Email: david.ongaro@tklaw.com
>Amelia Winchester, *Admitted Pro Hac Vice*
>Email: amelia.winchester@tklaw.com
>THOMPSON & KNIGHT, LLP
>50 California Street, Suite 3325
>San Francisco, California 94111
>Telephone: (415) 433-3901
>Facsimile: (415) 433-3950

*Attorneys for Defendants*

DATED this 4th day of February, 2015.

>TERRELL MARSHALL DAUDT
>  & WILLIE PLLC
>
>By:   /s/ Beth E. Terrell, WSBA #26759
>     Beth E. Terrell, WSBA #26759
>     Email: bterrell@tmdwlaw.com
>     936 North 34th Street, Suite 300
>     Seattle, Washington 98103-8869
>     Telephone: (206) 816-6603
>     Facsimile: (206) 350-3528

*Attorneys for Plaintiff*

PLAINTIFF'S SURREPLY TO STRIKE ARGUMENTS RAISED BY DEFENDANTS FOR THE FIRST TIME ON REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION - 5
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com