UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL JOSEPH, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>TRUEBLUE, INC., d/b/a LABOR READY, INC., and TRUEBLUE, INC., Washington corporations<br><br>Defendants. | CASE NO. C14-5963 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING APPEAL |

This matter comes before the Court on Defendant TrueBlue, Inc.'s ("TrueBlue") motion to stay pending appeal (Dkt. 76). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 25, 2014, Plaintiff Daniel Joseph ("Joseph") filed a class action complaint against TrueBlue asserting numerous violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA"). Dkt. 1.

ORDER - 1

On January 8, 2015, TrueBlue filed a motion to compel arbitration.  Dkt. 43.  On February 11, 2015, the Court denied the motion concluding, in relevant part, that TrueBlue could not enforce any arbitration agreement as a non-signatory to the agreement.  Dkt. 51 at 6.

On April 8, 2015, TrueBlue filed a motion to determine choice of law requesting that the Court apply Eighth Circuit and Minnesota law instead of Ninth Circuit and Washington law.  Dkt. 66.  On May 12, 2015, the Court denied the motion.  Dkt. 74.

On May 22, 2015, TrueBlue filed the instant motion requesting a stay of this proceeding pending appeal of the Court's rulings.  Dkt. 76.  On June 8, 2015, Joseph responded.  Dkt. 80.  On June 12, 2015, TrueBlue replied.  Dkt. 82.  After a brief stay for purposes of settlement negotiations, the motion is now ripe for consideration.

## II. DISCUSSION

Courts generally consider four factors when determining whether to grant a stay pending the appeal of a civil order: first, whether the applicant has made a strong showing that he is likely to succeed on the merits; second, whether the moving party will be irreparably injured absent a stay; third, whether a stay will substantially injure the opposing party; and fourth, whether the public interest favors a stay.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1986).

In this case, TrueBlue fails to meet its burden on all four factors.  With regard to the first factor, the state of the law is somewhat unclear as to what a movant must show.  While the general rule requires a likelihood of success on the merits of the appeal, the Ninth Circuit has approved of the lower burden of showing that "the motion presents a

1  substantial question . . . ." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir.

2  1990).  Even under the more lenient standard, TrueBlue fails to show that its appeal

3  presents a substantial question of law.  First, TrueBlue's argument regarding a conflict of

4  law is based on what the Minnesota Supreme Court would hold if the proper question

5  was presented and not the current law of that state.  Dkt. 76 at 9–10 ("TrueBlue submits

6  that Minnesota would apply Eighth Circuit precedent permitting a non-signatory to

7  enforce an arbitration clause . . . ."); Dkt. 82 at 4 ("The answer to that unsettled question

8  will determine whether there is a difference between Minnesota and Washington law.").

9  Although an *actual* conflict of law may create a substantial question of law, the Court

10  concludes that a *hypothetical* conflict does not.

11        Second, Washington law is well settled on the issue of enforceability of non-

12  signatories' rights to enforce arbitration agreements.  *Rajagopalan v. NoteWorld, LLC*,

13  718 F.3d 844, 847–848 (9th Cir. 2013).  TrueBlue's attempts to distinguish this precedent

14  do not present substantial questions of law.  Therefore, the Court concludes that TrueBlue

15  has failed to meet the first factor of the applicable test.

16        With regard to the second factor, TrueBlue argues that it will be irreparably

17  injured because of the costs it will incur litigating a class action case.  While the Court is

18  sympathetic to such costs, the arbitration issues are neither close nor substantial.  If the

19  Ninth Circuit disagrees with that conclusion, then it may issue a stay of this proceeding.

20

21

22

Fed. R. App. Pro. 8[1].  Moreover, if the Court certifies the class, TrueBlue may also appeal that ruling and request a stay at that point of the proceeding.  Fed. R. Civ. P. 23(f).  Simply put, the Court concludes that, from an objective standpoint, the Court will eventually consider Joseph's class certification motion and there is no valid reason to delay that consideration.  Therefore, the Court concludes that TrueBlue has failed to show that it will be irreparably injured in the absence of a stay because the litigation costs will either be incurred now or subsequent to the current appeal.

With regard to the third and fourth factors, these weigh in favor of denying the stay because both Joseph and the public have an interest in the speedy administration of judicial proceedings.  *See* Fed. R. Civ. P. 1.  Therefore, the Court concludes that TrueBlue has failed to meet its burden for a stay.

### III. ORDER

Therefore, it is hereby **ORDERED** that TrueBlue's motion to stay pending appeal (Dkt. 76) is **DENIED**.  The Court will issue a class certification briefing schedule forthwith.

Dated this 19th day of August, 2015.

BENJAMIN H. SETTLE
United States District Judge

---

[1] To allay some of TrueBlue's concerns, the Court will set a class certification briefing schedule that allows sufficient time for the Ninth Circuit to consider any motion to stay pending appeal.