UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JOSEPH,

              Plaintiff,

   v.

TRUEBLUE, INC,

              Defendant.

CASE NO. C14-5963 BHS

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff Daniel Joseph's ("Joseph") motion to compel (Dkt. 93). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 25, 2014, Joseph filed a class action complaint against Defendant TrueBlue, Inc. ("TrueBlue") asserting numerous violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA"). Dkt. 1.

1    On December 23, 2015, Joseph filed the instant motion to compel requesting that
2  the Court order TrueBlue to respond to certain interrogatories and requests for
3  production. Dkt. 91. On January 4, 2016, TrueBlue responded. Dkt. 93. On January 8,
4  2016, Joseph replied. Dkt. 94.

## II. DISCUSSION

6    "Parties may obtain discovery regarding any nonprivileged matter that is relevant
7  to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this
8  scope of discovery need not be admissible in evidence to be discoverable." *Id*.

9    In this case, TrueBlue objects because (1) the requested information is not
10 relevant, (2) its position is consistent with the TCPA, and (3) the requests are overbroad,
11 unduly burdensome, seek private information, and are premature. Dkt. 93. With regard
12 to the first two objections, TrueBlue essentially seeks dispositive determinations
13 regarding the scope of Joseph's claims and the TCPA. In fact, TrueBlue concedes as
14 much when it requests that the Court defer ruling on this motion until the Court considers
15 TrueBlue's expected summary judgment motion later this month. Dkt. 93 at 11[1].
16 TrueBlue's position is completely without merit. The Court is unable to condone
17 objecting to discovery because the objecting party believes it will win an unfiled
18 dispositive motion. Moreover, the district court cases TrueBlue cites in its favor are at
19 most persuasive authority. Binding circuit authority interpreting the TCPA would most

---

[1] The Court declines to grant the request for affirmative relief of deferring ruling when it is made in a response brief. If TrueBlue files an appropriate motion requesting a brief stay of class discovery pending determination of a substantial dispositive issue along with the dispositive motion, the Court will consider the motion to stay in due course.

likely be a valid ground to object, whereas out-of-circuit trial court authority is an entirely baseless ground for objection.

With regard to the other objections, TrueBlue has failed to show any merit or prejudice. Other than conclusory allegations, TrueBlue fails to specify how the requests are overly broad or unduly burdensome. The privacy interest can easily be solved by appropriate protective order, which it appears Joseph is willing to enter into agreements to remedy the alleged problems. The Court finds no merit in these objections.

### III. ORDER

Therefore, it is hereby **ORDERED** that Joseph's motion to compel (Dkt. 93) is **GRANTED**.

Dated this 10th day of February, 2016.

BENJAMIN H. SETTLE
United States District Judge