U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

DANIEL JOSEPH, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

TRUEBLUE, INC., dba LABOR READY, INC., and TRUEBLUE, INC., Washington corporations; BILLIE OTTO and JESUS UNZUETA,

Defendants.

NO. 3:14-cv-05963-BHS

**ORDER CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS**

**NOTE ON HEARING CALENDAR: SEPTEMBER 6, 2016**

WHEREAS, this matter has come before the Court pursuant to a Motion for Entry of an Order Certifying the Settlement Class, Granting Preliminary Approval of Settlement and Approving the Form and Method of Notice to the Settlement Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully familiar with the papers filed and the proceedings in this matter;

IT IS HEREBY ORDERED:

**I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.      The terms of the Settlement Agreement and Release, dated September 6, 2016, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby

ORDER CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS - 1
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below.  This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.  The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel.  The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in this Order.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

**I.     THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL.**

2.     The Settlement Class is defined as follows:

> (i) All 1,948 individuals identified in Labor Ready Midwest's records that (ii) were  sent a job alert text message (iii) after a request to unsubscribe (iv) to their cellular telephone (v) from the same system that sent Plaintiff a job alert text message after his unsubscribe requests.
>
> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Ninth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3.     The Court preliminarily finds that the Settlement Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 2
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

settlement purposes only. The Court hereby finds, in the specific context of this Class Settlement, that:

      a.      Numerosity.

The Settlement Class consists of thousands of members located throughout the United States, and satisfies the numerosity requirement of FED. R. CIV. P. 23(a). Joinder of these widely-dispersed, numerous Settlement Class Members into one suit would be impracticable.

      b.      Commonality.

Common questions of law and fact with regard to the alleged conduct of TrueBlue exist for each of the members of the Settlement Class. Plaintiff claims that TrueBlue used an automatic telephone dialing system to send text messages to cellular telephone numbers after a request to unsubscribe in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"). These allegations present the common questions of whether TrueBlue's purported actions violated TCPA as alleged, and whether the alleged violations were willful. These issues are central to this case and are sufficient to establish commonality.

      c.      Typicality.

Plaintiff alleged that he unsubscribed from the job alert text message system maintained by TrueBlue but continued to receive text messages from TrueBlue on his cellular telephone. Plaintiff further alleged that these message were sent using an automated telephone dialing system. As a result, Plaintiff alleges he is entitled to statutory and punitive damages, attorneys' fees and costs. These claims are typical of the members of the Settlement Class and, therefore, the element of typicality is satisfied.

      d.      Adequate Representation.

Plaintiff's interests do not conflict with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel Keith J. Keogh, Michael Hilicki, Beth Terrell, Christopher Johnston, and Christopher Martineau, and finds under FED. R. CIV. P. 23(g) that the requirement for adequate representation of the Settlement Class has been fully met.

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 3
CASE NO. 3:14-CV-05963-BHS

e. Predominance of Common Issues.

Plaintiff has raised common issues of whether TrueBlue used an automatic telephone dialing system to send text messages to Class Members after those persons un-subscribed from TrueBlue's job alert messaging system. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

f. Superiority of the Class Action Mechanism.

The class action mechanism is ideally suited for treatment of the settlement of this matter. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

4. The Court determines that Daniel Joseph is adequate to represent the Settlement Class.

5. Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Mr. Joseph's counsel, Keith J. Keogh, Michael Hilicki, Beth Terrell, Christopher Johnston, and Christopher Martineau, are adequate to represent the Class and appoints them Class Counsel.

## II. NOTICE TO CLASS MEMBERS

6. The Court has considered the Class Notice, attached as Exhibits 2 and 3 to the Agreement, including the proposed forms of notice, Summary Notice and Full Notice and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, and Full Notice) and orders that notice be given in substantial conformity therewith. If it has not already done so, within ten (10) business days after signing this Agreement, TrueBlue shall provide the Settlement Administrator with all address information it has for Settlement Class Members in Excel

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 4
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

format. For those Settlement Class Members for whom TrueBlue does not have address information, TrueBlue shall produce information, if any, it does have about them that reasonably may assist the Settlement Administrator in obtaining address information for any such Settlement Class Members. Addresses and any other contact information for the Settlement Class Members shall be kept confidential by the Settlement Administrator.

7. Within five (5) business days after entry of the Preliminary Approval Order, the Settlement Administrator will cause a Settlement Website to become active.

8. The mailed notice program shall commence no later than 30 days after entry of this Order, on or about October 7, 2016 (the "Notice Deadline"). The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid solely from the Settlement Fund in accordance with the Agreement.

9. The Court appoints Kurtzman, Carson Consultants (KCC) as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) disseminating information, including the Class Notice, to Settlement Class Members concerning settlement procedures in the manner provided in the notice program; (b) receiving opt-out forms and documentation and processing and tabulating opt-out requests; and (c) paying claims as provided in the Agreement and pursuant to any applicable orders of this Court.

### III. REQUEST FOR EXCLUSION FROM THE CLASS

10. A member of the Settlement Class who wishes to be excluded from the Settlement Class must mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than 60 days after the Notice Deadline, or December 7, 2016 (the "Opt-Out Deadline"), and shall clearly state the following: (a) his or her name; (b) physical address; (c) and stating that he or she desires to opt-out of the settlement or otherwise does not want to participate in the settlement.

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 5
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

11. Any Settlement Class Member who submits a valid request for exclusion as set forth above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for TrueBlue.

12. Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all of the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member participates in the Class Settlement.

## IV. FAIRNESS HEARING

13. A hearing on final settlement approval (the "Fairness Hearing") will be held on <u>February 6, 2017, at 1:30 p.m.,</u> [149 days from the date of this Order] before this Court, at the United States District Court for the Western District of Washington, United States Courthouse, 1717 Pacific Ave, Courtroom E, Tacoma WA 98402, to consider, inter alia, the following: (a) the fairness, reasonableness and adequacy of the Class Settlement; (b) the dismissal with prejudice of the Litigation; (c) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; (d) whether to approve the proposed plan of allocation and distribution; and (e) whether to finally approve the Agreement, including the terms therein concerning release of claims by the Settlement Class and each of the Settlement Class Members.

14. At least two weeks before the Fairness Hearing, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

15. Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above and who has timely filed their objection may appear at the Fairness

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 6
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below within 60 days after Notice Deadline. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition within 60 days after Notice Deadline, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below within 60 days after Notice Deadline. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

16. Counsel for the Parties who must be served with all documentation described above are as follows:

**Counsel for the Settlement Class**
Keith J. Keogh
Michael Hilicki
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, IL 60603

Beth E. Terrell
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 7
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Christopher A. Johnston
Christopher P. Martineau
JOHNSTON MARTINEAU PLLP
2233 Hamline Avenue North, Suite 102
Saint Paul, Minnesota  55113

**Counsel for TrueBlue**
Michael E. McAleenan
SMITH ALLING, PS
1515 Dock Street, Suite 3
Tacoma, Washington  98402

David R. Ongaro,
Amelia D. Winchester
ONGARO PC
50 California Street, Suite 3325
San Francisco, CA  94111

17. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 60 days after the Notice Deadline.

18. The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the notice program.

19. Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any TrueBlue Releasee any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 8
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 forever released any and all such matters, claims, and causes of action as provided for in the
2 Agreement.

### V. OTHER PROVISIONS

4     20.    Upon Final Approval, each and every term and provision of the Agreement
5 (except as may be modified by the Final Approval Order) shall be deemed incorporated into the
6 Final Order and Judgment as if expressly set forth and shall have the full force and effect of an
7 Order of the Court.

8     21.    In the event the Class Settlement is terminated in accordance with the provisions
9 of the Agreement, the Class Settlement and all proceedings had in connection therewith shall
10 be null and void, except insofar as expressly provided in the Agreement, and without prejudice
11 to the rights of Plaintiff and TrueBlue before they entered into the Agreement. Neither this
12 Order nor the Agreement, nor any documents or statements related thereto, shall constitute any
13 evidence or admission of liability or wrongdoing by any Party, nor shall any such document or
14 statement be offered in evidence in this or any other proceeding except to consummate or
15 enforce the Agreement or the terms of this Order, or by any Party in connection with any action
16 asserting Released Claims.

17     22.    The following summarize the deadlines stated above for issuing notice and
18 submitting claims and objections:

19 //
20 //
21 //
22 //
23 //
24 //

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 9
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| **October 7, 2016** | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
| **December 7, 2016** | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) and file any statement of intention to appear at the fairness hearing. |
| **January 6, 2017** | Deadline for Parties to file the following: (1) List of persons who made timely and proper requests for exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. |
| **February 6, 2017 at 1:30 p.m.** | Final Approval Hearing |

IT IS HEREBY ORDERED.

DATED this 7th day of September, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, AND DIRECTING NOTICE TO THE
CLASS - 10
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com