HONORABLE BENJAMIN H. SETTLE

1

2

3

4

5

6

7

8

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

DANIEL JOSEPH, an individual, on behalf of
himself and all others similarly situated,

10

Plaintiff,

11

vs.

12

13

TRUEBLUE, INC., dba LABOR READY,
INC., and TRUEBLUE, INC., Washington
corporations; BILLIE OTTO and JESUS
UNZUETA,

14

15

16

Defendants.

17

18

NO. 3:14-cv-05963-BHS

**PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES, COSTS AND
SERVICE AWARD**

**Note on Motion Calendar:**

**Date/Time: February 6, 2017, at 1:30 p.m.**

**Location:**

**United States Courthouse
1717 Pacific Avenue, Courtroom E
Tacoma Washington 98402**

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD
CASE No. 3:14-cv-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

Page No.

I.    INTRODUCTION ................................................................................1

II.    STATEMENT OF FACTS ..................................................................2

     A.    The Settlement Provides for Substantial Relief for the Class .............................2

     B.    Class Counsel Thoroughly and Efficiently Prosecuted This Litigation ................3

         1.    This Case Involved Significant Discovery and Motions Practice ............3

         2.    Class Counsel Efficiently Managed the Case.............................................4

         3.    Class Counsels' Expenses and Administration of the Settlement ............4

     C.    Plaintiff and Class Counsel Risked Recovering Nothing if They Pursued Litigation ................................................................................4

III.    AUTHORITY AND ARGUMENT ................................................................4

     A.    Awarding 33% of the Fund is Reasonable ........................................................6

         1.    Class Counsel Achieved an Excellent Result for the Class....................10

         2.    Class Counsel Faced an Unusually High Degree of Risk and the Contingent Nature of the Fee ................................................................12

         3.    The Complexity of the TCPA..................................................................14

         4.    The Requested Fee is in Line with Fees Awarded in Similar Class Actions ........................................................................................15

     B.    The Lodestar Method Confirms that Class Counsels' Fee Request is Reasonable ................................................................................17

         1.    The Total Loadstar Amongst Plaintiff's Firms Supports The Requested Fees ......................................................................................17

     C.    Class Counsel Are Entitled to Reimbursement for Their Out-of-Pocket Costs ................................................................................18

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - i
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

D.      A Service Award for the Class Representative is Reasonable ............................19

IV.    CONCLUSION ............................................................................................20

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - ii
CASE NO. 3:14-cv-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*ACA Int'l v. FCC*,
No. 15-1211 (D.C. Cir. filed Sept. 21, 2015) ...................................................13

*Accounting Outsourcing, LLC. V. Verizon Wireless*,
2007 U.S. Dist. LEXIS 97153 (M.D. La. 2007).......................................7, 16

*Adamcik v. Credit Control Servs., Inc.*,
832 F. Supp. 2d 744 (W.D. Tex. 2011) ..........................................................11

*Adams v. AllianceOne Receivables Mgmt., Inc.*,
No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012).....................11

*Agne v. Papa John's Int'l., Inc.*,
286 F.R.D. 559 (W.D. Wash. 2012) ................................................................13

*Antonopulos v. N. Am. Thoroughbreds, Inc.*,
No. 87-0979G (CM), 1991 WL 427893 (S.D. Cal. May 6, 1991) ................................16

*Arthur v. Sallie Mae*,
No. C10-198, 2012 U.S. Dist. LEXIS 3313 (W.D. Wash. Jan. 10, 2012) .....................10

*Arthur v. Sallie Mae, Inc.*,
C10-00198 JLR (W.D. Wash. Sept. 2012) ......................................................18

*Baranski v. NCO Fin. Sys., Inc.*,
2014 U.S. Dist. LEXIS 37880, 2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014) ...............8

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980) ..........................................................................5

*Boyd v. Bank of Am. Corp.*,
2014 U.S. Dist. LEXIS 162880 (C.D. Cal. Nov. 18, 2014) ...........................................13

*CE Design, Ltd. v. Cy's Crabhouse*,
07 C 5456 (N.D. Ill. Sept. 22, 2010) ..............................................................16

*CE Design Ltd. v. Cy's Crab House N., Inc.*,
No. 1:07-cv-05456 (N.D. Ill. Oct. 27, 2011) .................................................7

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - iii
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  *CE Design, Ltd. v. Exterior Systems, Inc.*,
       07 C 66 (N.D. Ill. Dec. 6, 2007) ...............................................................................7, 16

2

3  *Camacho v. Bridgeport Fin. Servs.*,
       523 F.3d 973 (9th Cir. 2008) ...................................................................................17, 18

4

5  *Cubbage v. Talbots, Inc.*,
       No. 09-cv-00911-BHS, Dkt. No. 114 (W.D. Wash. Nov. 5, 2012) ..............................10

6  *Cummings v Sallie Mae*,
       12 C-9984 (N.D. Ill. May 30, 2014) ...............................................................................7

7

8  *Davis v. Mutual Life Ins. Co.*,
       6 F.3d 367 (6th Cir. 1993) ............................................................................................13

9
   *Dell v. Carideo*,
10      No. C06-1772 JLR (W.D. Wash. 2010) .........................................................................18

11 *Desai v. ADT Sec. Servs., Inc.*,
       No. 1:11-cv-01925 (N.D. Ill. June 21, 2013) ...........................................................7, 11

12

13 *Estrada v. iYogi, Inc.*,
       No. 2:13–01989 WBS CKD, 2015 WL 5895942 (E.D. Cal. Oct. 6, 2015) ...................10

14

15 *Franklin v. Wells Fargo Bank, N.A.*,
       No. 14cv2349-MMA (BGS), 2016 WL 402249 (S.D. Cal. Jan. 29, 2016)....................10

16
   *Gardner v. Capital Options, LLC et al.*,
17      No. C07-1918 (W.D. Wash. 2009) .................................................................................18

18 *Garret, et al. v. Sharps Compliance, Inc.*,
       No. 1:10-cv-04030 (Dkt. No. 65) (N.D. Ill. Feb. 23, 2012) ...........................................11

19

20 *Global Educ. Servs. v. Intuit, Inc.*,
       No. C09-944 RSL (W.D. Wash. 2011) ...........................................................................18

21

22 *G.M. Sign, Inc. v. Finish Thompson, Inc.*,
       No. 1:07-cv-05953 (N.D. Ill. Nov. 1, 2010).....................................................................7

23 *Green v. Serv. Master*,
       2009 WL 1810769 (N.D. Ill. June 22, 2009)............................................................12, 13

24

25 *Guarisma v. ADCAHB Med. Coverages, Inc.*,
       Doc. No. 95,13–cv–21016 (S.D. Fla. June 24, 2015)........................................................7

26

27

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - iv
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Hageman v. AT&T Mobility LLC*,
    No. CV 13-50-BLG-RWA, 2015 U.S. Dist. LEXIS 25595 (D. Mont.
    Feb. 11, 2015)...........................................................................................7, 16, 20

*Hanley v. Fifth Third Bank*,
    No. 1:12-cv-01612 (N.D. Ill. Dec. 23, 2013) ...........................................7, 16

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .........................................................................6

*Hartless v. Clorox Co.*,
    273 F.R.D. 630 (S.D. Cal. 2011) ...................................................................19

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) .............................................................................4, 5, 10

*Hinman v. M and M Rental Center* Inc.,
    06-cv- 01156 (N.D. Ill. 2008)......................................................................7, 16

*Holtzman v. CCH*,
    07 C 7033 (N.D. Ill. Sept. 30, 2009) .........................................................7, 16

*Ikuseghan v. MultiCare Health Sys.*,
    2016 U.S. Dist. LEXIS 109471 (W.D. Wash. Aug. 16, 2016)....................9, 16

*In re Apple Computer, Inc. Derivative Litig.*,
    2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) .................................6

*In re AT&T Mobility Wireless Data Services Sales Tax Litig.*,
    792 F. Supp. 2d 1028 (N.D. Ill. 2011)................................................................8

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ....................................................................5, 17

*In re Capital One Tel. Consumer Prot. Act Litig*,
    2015 U.S. Dist. LEXIS 17120  (N.D. Ill. Feb. 12, 2015) ................................7

*In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*,
    No. 02-ML-1475-DT(RCx), 2005 WL 1594403 (C.D. Cal. June 10, 2005)..................16

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) .........................................................19

*In re Media Vision Tech. Sec. Litig.*,
    913 F. Supp. 1362 (N.D. Cal. 1996).............................................................18

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - v
CASE NO. 3:14-cv-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ...................................................................17, 20

*In re Omnivision Techs, Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...............................................6, 14, 15

*In re Mego,*
    213 F.3d 457 (9th Cir. 2000) ..........................................................................7, 16

*In re Pacific Enterprises Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) .................................................................................6

*In re Rite Aid Corp. Sec. Litig.*,
    362 F. Supp. 2d 587 (E.D. Pa. 2005) ...............................................................18

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) .........................................................................5, 12

*Johansen v. Vivant, Inc.*,
    2012 U.S. Dist. LEXIS 178558, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) ...............8

*Jones v. Agilysys, Inc.*,
    Case No: C 12-03516 SBA, 2014 WL 2090034 (N.D. Cal. May 19, 2014) ...................20

*Khadera v. ABM Indus., Inc.*
    C08-0417 RSM (W.D. Wash. Oct. 2012) ...........................................................18

*Labou v. Cellco Partnership dba Verizon*,
    2014 WL 824225 (E.D. Cal. March 3, 2014) ...................................................14

*Lees v. Anthem Ins. Companies Inc.*,
    2015 WL 3645208 (E.D. Mo. June 10, 2015) .....................................................7

*Levy v. Receivables Performance Mgmt., LLC*,
    No. 11-3155, 2013 WL 5310166 (E.D. N.Y. Sept. 23, 2013) .........................11

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) .........................................................................11

*Lo v. Oxnard European Motors, LLC*,
    No. 11CV1009 JLS, 2012 WL 1932283 (S.D. Cal. May 29, 2012) .....................17

*Locklear Electric, Inc. v. Norma L. Lay*,
    09 C 0531 (S.D. Ill. Sept. 8, 2010) ...............................................................7, 16

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - vi
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Lopez v. Youngblood,*
   2011 U.S. Dist. LEXIS 99289 (E.D. Cal. Sept. 1, 2011) ...................................6

*Manouchehri v. Styles for Less, Inc.,*
   No. 14cv2521 NLS, 2016 U.S. Dist. LEXIS 80038 (S.D. Cal. June 20, 2016) .............10

*Marks v. Crunch San Diego, LLC,*
   2014 U.S. Dist. LEXIS 152923 (S.D. Cal. Oct. 23, 2014) ...............................14

*Martin v. Dun & Bradstreet, Inc. et al,*
   No. 1:12-cv-00215 (N.D. Ill. Jan. 16, 2014) ...................................................7

*Meilleur v. AT&T Corp.*
   C11-01025 MJP (W.D. Wash. March 2013) ...................................................18

*Officers for Justice v. Civil Serv. Comm'n of City and Cnty.,*
   688 F.2d 615 (9th Cir. 1982) .....................................................................12

*Paldo Sign and Display Company v. Topsail Sportswear, Inc.,*
   No. 1:08-cv-05959 (N.D. Ill. Dec. 21, 2011) ...................................................7

*Pelletz v. Weyerhaeuser Co.,*
   592 F. Supp. 2d 1322 (W.D. Wash. 2009) ...............................................19, 20

*Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air,*
   483 U.S. 711 (1987) ................................................................................13

*Prater v. Medicredit, Inc.,*
   2015 WL 8331602 (E.D. Mo. Dec. 7, 2015) ...................................................7

*Radcliffe v. Experian Info. Solutions,*
   715 F.3d 1157 (9th Cir. 2013) ...................................................................19

*Reo v. Caribbean Cruise Line, Inc.,*
   2016 U.S. Dist. LEXIS 35596 (N.D. Ohio Mar. 18, 2016) ...............................8

*Rinky Dink, Inc. v. Elec. Merchant Sys., et al.,*
   No. 13-cv-1347-JCC, Dkt. No. 151 (W.D. Wash. April 19, 2016) ......................10

*Rodriguez v. West Publ'g Corp.,*
   563 F.3d 948 (9th Cir. 2009) .....................................................................19

*Saf-T-Gard v Seiko,*
   09 C 776 (N.D. Ill. 2011) .........................................................................16

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Saf-T-Gard v Vanguard Energy Services, LLC.*,
   12 C 3671 (N.D. Ill 2014) .......................................................................16

*Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc.*,
   251 F.R.D. 312 (N.D. Ill. 2008) ...............................................................13

*Saragusa v. Countrywide*,
   2016 U.S. Dist. LEXIS 34544 (E.D. La. Mar. 17, 2016) ...........................8

*Satterfield v. Simon & Schuster*,
   569 F.3d 946 (9th Cir. 2009) ....................................................................15

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
   904 F.2d 1301 (9th Cir. 1990) ....................................................................5

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .................................................................5, 18

*Steiner v. Am. Broad Co.*,
   248 Fed. Appx. 780 (9th Cir. 2007) ..........................................................18

*Steinfeld v. Discover Fin. Servs*
   No. C 12-01118, Dkt. No. 96 (N.D. Cal. Mar. 10, 2014) ..........................10

*Vandervort v. Balboa Capital Corp.*
   8 F. Supp. 3d 1200 (C.D. Cal. 2014) ...........................................................7

*Versteeg v. Bennett, Deloney & Noyes, P.C.*,
   271 F.R.D. 668 (D. Wyo. 2011) ................................................................12

*Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*,
   274 F.R.D. 229 (S.D. Ill. 2011) ................................................................12

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ...................................................5, 6, 12, 18

*Zwicker v. Gen. Motors Corp.*,
   No. C07-0291 JCC (W.D. Wash. 2008) ....................................................18

## STATE CASES

*Nicholson v Hooters of Augusta, Inc.*, 95-RCCV-616
   (Richmond County, Ga. April 25, 2001) ...................................................16

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Odom v. Microsoft Corp.*,
    Case No. 04-2-10618-4 SEA (Wash. Sup. Ct. King County 2010) ...............................18

## FEDERAL STATUTES

47 U.S.C. § 227(b)(3) ........................................................................................................11

## OTHER AUTHORITIES

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*
    23 FCC Rcd 559 (2015) .................................................................................15

Manual for Complex Litig. (Fourth) § 21.71 (2016).................................................10

Silber and Goodrich, *Common Funds and Common Problems Fee Objections and
Class Counsel's Response*,
    17 Rev. Litig. 525 (1998) ..........................................................................15

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - ix
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## I.  INTRODUCTION

2

3

4

5

6

7

8

9

Plaintiff Daniel Joseph ("Plaintiff") has reached a settlement with TrueBlue Inc., dba Labor Ready Inc., and Labor Ready Midwest, Inc., ("TrueBlue") (hereinafter the "Settlement").[1]  The Settlement requires Defendants to pay $5,000,000 to establish a non-reversionary settlement fund for the benefit of Plaintiff and the 1,948 unique members of the settlement class for their claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  If the Court awards the requested attorney fees, expenses and service award, every single class member who does not opt out will receive approximately $1,694 without even having to submit a claim.

10

11

12

13

14

15

16

The non-revisionary common fund will be used to pay (1) all costs associated with administration of the settlement, which are capped at $8,000; (2) an incentive award to the class representative in the amount of $10,000 as approved by the Court; (3) $1,666,650 in requested attorneys' fees; and (4) litigation expenses of $14,519.  The requested attorneys' fees, if approved by the Court, represents 33% of the common fund.  The notice approved by this Court advised the Class the exact amount of service award and requested attorneys' fees in both the percentage and dollar amount.

17

18

19

20

21

Such an award is reasonable under the circumstances of this case, including a complicated and lengthy procedural history and the excellent results Class Counsel achieved on behalf of the Class.  As such, each class member will receive a minimum of $1,694.  The requested fees, costs, and incentive award are reasonable and in line with the Ninth Circuit's requirements for approval.  Class Counsel's motion should be granted.

22

23

24

25

26

27

---

[1] *See* Dkt. No 118. A copy of the Settlement Agreement is attached as Exhibit 1 to the Declaration of Keith J. Keogh in Support of Plaintiff's Motion for Preliminary Approval ("Keogh Decl.")

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 1
Case No. 3:14-cv-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II.  STATEMENT OF FACTS

**A.      The Settlement Provides for Substantial Relief for the Class**

The Settlement provides that Defendants' will pay $5,000,000 into a non-reversionary Settlement Fund from which all 1,948 Settlement Class Members who do not opt-out will receive a payment without the need to submit a claim. Settlement Agreement § II at J.

The summary notice the claims administrator mailed to Settlement Class members, summarizes the settlement and clearly sets forth the deadlines to request exclusion, or object to the Settlement.  Settlement Agreement, Ex. 2.

The summary notice directs Settlement Class Members to a settlement website for further information. *Id.*  The Settlement Agreement, settlement notice, preliminary approval order, operative complaint, and this petition for attorneys' fees and costs, when filed, will be available for viewing and downloading on the settlement website.  Settlement Agreement § IV.B.3.  The settlement website also contains detailed information about the Settlement, which Settlement Class Members can either download or read online.   The full notice on the web site, includes the amount of Class Counsels' requested fee as a percentage and exact dollar amount and provides Settlement Class Members with an estimate of their cash award if they do not opt-out. *Id.*  Specifically it states: "Class Counsel will ask the Court to approve payment of up to one third of the $5,000,000 Settlement Fund, which is $1,666,667 to them for attorneys' fees, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of up to $10,000 to Plaintiff for his service as Class Representative." *Id.* To date, not a single Class Member has objected to the requested fees, service award, or any portion of the Settlement.

In addition to the significant monetary relief, the Settlement also provides for non-monetary relief.  TrueBlue agreed to change its business practice to stop making or causing to be made automated calls and texts and/or prerecorded message calls to cellular telephone numbers after stop requests.  Settlement Agreement § III.C.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 2
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The $1,694 Plaintiff estimates that each Settlement Class Member will receive without the need to submit any claim is well above, if not many times larger, than the average TCPA settlement both in Washington and nationwide and truly is a terrific result for the Class.

**B.    Class Counsel Thoroughly and Efficiently Prosecuted This Litigation**

  1.    This Case Involved Significant Discovery and Motions Practice

The parties actively litigated this case for almost two years. The parties have engaged in substantial motion practice both before this Court and the Ninth Circuit. At the inception of this case, the parties briefed Defendants' motion to transfer venue, which was granted on December 8, 2014. Dkt. No. 29.

Subsequently, this Court denied Defendants' motion to compel arbitration and stay litigation on February 11, 2015. Dkt. No. 51. Defendants' motion for reconsideration was denied on March 2, 2015. Dkt No. 57. On May 22, 2015, Defendants filed a motion requesting a stay of this proceeding pending appeal of the Court's rulings. Dkt. No. 76. After a brief stay for purposes of settlement negations, Defendants' motion was denied on August 19, 2015. Dkt. No. 87.

As of November 9, 2015, Defendants' appeal with the Ninth Circuit, was fully briefed. On December 8, 2015, Defendants' motion to stay all proceedings in the District Court pending appeal was denied after briefing. App. Dkt. No. 22.

On December 23, 2015, Plaintiff/Appellee filed a motion to compel requesting that the Court order Defendants/Appellants to respond to certain interrogatories and requests for production, which was granted on February 10, 2016. Dkt. Nos. 91, 96. Defendants then moved for summary judgement which was later withdrawn. Dkt. Nos. 97, 113.

The parties attended the first mediation on August 4, 2015. *See* Exhibit 1, Keogh Decl. at ¶ 4. Although productive, the mediation was unsuccessful. The parties, as described above, actively litigated the case for an additional ten months, then the parties participated in a second in-person mediation session on May 31, 2016. *Id.* The parties did not reach an agreement at

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 3
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

that mediation either.  It was not until July 1, 2016, and after both sides accepted the mediator's proposal, that the parties reached an agreement in principal.  *Id.*  Even then, the parties spent the next two months working out the details of the settlement agreement.  *Id.*

### 2. Class Counsel Efficiently Managed the Case

Because Class Counsel took this case on a contingency-fee basis with no guarantee they would ever be paid, Class Counsel took special care to manage their time efficiently and to keep out-of-pocket costs to a minimum.  Class Counsel divided tasks to prevent duplication of efforts.  *See* Exhibit 2, Terrell Decl. at ¶¶ 3, 5; Keogh Decl. at ¶ 7.

### 3. Class Counsels' Expenses and Administration of the Settlement

Class Counsel incurred $14,518.99 in out-of-pocket expenses prosecuting this action. Terrell Decl. ¶ 17; Keogh Decl. ¶ 12; Exhibit 3, Martineau Decl. ¶ 10. The expenses include filing fees, computerized legal research expenses, transcript expenses, travel costs and mediation fees. *Id.*  The requested expenses are more than reasonable in an action such as this.

**C. Plaintiff and Class Counsel Risked Recovering Nothing if They Pursued Litigation**

Class Counsel represented Plaintiff and the Class on a contingency-fee basis.  Terrell Decl. ¶ 3; Keogh Decl. ¶ 7.  In taking this case, Class Counsel risked extensive expert costs, a potentially expensive trial, lost opportunity costs due to the time needed to pursue first and third-party discovery, and drafting briefs before the Ninth Circuit regarding motions to compel arbitration and to stay the litigation.  Terrell Decl. ¶ 4.  Plaintiff also participated in two mediations in an effort to reach a resolution.  Terrell Decl. ¶ 4; Keogh Decl. ¶ 4; Martineau Decl. ¶ 3.  Plaintiff also faced the risk of losing at trial and the risk that any recovery could be delayed for years by additional appeal.  *Id.*

### III.  AUTHORITY AND ARGUMENT

"A request for attorney's fees should not result in a second major litigation.  Ideally, of course, litigants will settle the amount of the fee." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 4
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

When counsel's efforts result in the creation of a common fund that benefits plaintiffs and class members, counsel have an equitable right to be compensated from that fund for their successful efforts in creating it. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("lawyer who recovers a common fund…is entitled to a reasonable attorney's fee from the fund as a whole"); *Staton v. Boeing Co*., 327 F.3d 938, 967 (9th Cir. 2003) (quoting *Van Gemert*); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("those who benefit in the creation of a fund should share the wealth with the lawyers whose skill and effort helped create it").

In common fund cases, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The lodestar method was developed primarily in the context of fee-shifting statutes, unlike this TCPA action, where the prevailing party is by statue entitled to recover attorneys' fees. *Id.* at 941. In common fund cases where "the benefit to the class is easily quantified," the simpler percentage-of-the-common-fund method is the predominant approach. *Id.* at 942. Regardless of the method, any fee awarded must be reasonable. *Id.* at 942. Plaintiff seeks attorneys' fees under the percentage-of-recovery method.

When awarding a fee from the fund, the Ninth Circuit has suggested a non-exclusive list of factors to consider. The first and most important factor is the results achieved.[2] The court may also consider factors including: the risk of litigation; the contingent nature of the fee; the complexity of the issues; the hours worked on the case; counsel's hourly rate; and awards made in similar cases. *See Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 at 1298; *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-1050 (9th Cir. 2002). All of these factors favor awarding Class Counsel 33% of the fund in this case.

---

[2] *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (Foremost among factors considered in setting a reasonable fee "is the benefit obtained for the class"); *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("the most critical factor [in determining an appropriate attorneys' fee] is the degree of success obtained").

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARD - 5
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## A.   Awarding 33% of the Fund is Reasonable

2

3        The requested attorneys' fees are reasonable under the percentage-of-recovery method.

4    While the Court must perform its own evaluation to verify that the requested fee is reasonable

5    and not the product of collusion, it should give weight to the judgment of the parties and their

6    counsel where the fees were agreed to through arm's length negotiations after the parties agreed

7    on the other key settlement terms.  *See, e.g., In re Apple Computer, Inc. Derivative Litig.*, 2008

8    U.S. Dist. LEXIS 108195, at \*12 (N.D. Cal. Nov. 5, 2008).

9        Here, the fee amount, like the Settlement itself, was agreed upon with the experience of

10   an experienced mediator Bruce A. Friedman of JAMS.  Mr. Friedman's involvement provides

11   "independent confirmation that the fee was not the result of collusion or a sacrifice of the

12   interests of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  In view

13   of the fact that to date not a single class member has objected to the requested fee, TrueBlue

14   does not oppose Class Counsels' fee request, and the fact that the overall fund amount came in

15   the context of a mediation with a skilled mediator, the Court should consider Class Counsels'

16   fee presumptively reasonable.

17       In common fund cases, the Ninth Circuit has suggested a "benchmark" of 25% as a

18   starting point for analysis.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050, fn.5 (9th Cir.

19   2011).  However, courts in the Ninth Circuit frequently award a percentage of the fund that is

20   higher than the 25% benchmark.  *See In re Omnivision Techs, Inc.*, 559 F. Supp. 2d 1036, 1046

21   (N.D. Cal. 2008).  In fact, the fee award exceeds the 25% benchmark in most common fund

22   cases.  *See Lopez v. Youngblood*, 2011 U.S. Dist. LEXIS 99289, at \*12 (E.D. Cal. Sept. 1,

23   2011) (fees in common fund cases average 32% or 34.64%); *Omnivision*, *supra* at 1047 ("This

24   court's review of recent reported cases discloses that nearly all common fund awards range

25   around 30%"); *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming

26   fee award equal to 33% of fund); *Romero v. Producers Dairy Foods, Inc.*, 2007 U.S. Dist.

27   LEXIS 86270 ("Empirical studies show that, regardless whether the percentage method or the

     lodestar method is used, fee awards in class actions average around one-third of the recovery"

(*citing* 4 Newberg, NEWBERG ON CLASS ACTIONS § 14.6 (4th ed. 2007)); *In re Mego,* 213 F.3d 457, 463 (9th Cir. 2000) (affirming award of 33% of common fund); *Vandervort v. Balboa Capital Corp.* 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% of fund in TCPA class action)); *Hageman v. AT&T Mobility LLC,* No. CV 13-50-BLG-RWA, 2015 U.S. Dist. LEXIS 25595, at *18 (D. Mont. Feb. 11, 2015) (common fund fee assessment for Class Counsel is approved in the amount of 33% or $15 million, from the common fund of $45 million obtained for the Class).

Similarly, courts in other circuits routinely award one third in TCPA class actions. *See, e.g., Prater v. Medicredit, Inc.*, 2015 WL 8331602, at *3 (E.D. Mo. Dec. 7, 2015) (awarding one-third of $6.75MM settlement fund in class counsel fees); *Lees v. Anthem Ins. Companies Inc.*, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (approving 34% of $4.75MM settlement fund in class counsel fees); *Guarisma v. ADCAHB Med. Coverages, Inc.*, Dkt. No. 95, 13–cv–21016 (S.D. Fla. June 24, 2015) (granting an award for fees of one-third of the $4.5MM settlement fund when the litigation proceeded for more than two years and required rigorous discovery and motion practice). In fact, the court in *In re Capital One Tel. Consumer Prot. Act Litig*, 2015 U.S. Dist. LEXIS 17120, *62 (N.D. Ill. Feb. 12, 2015), analyzed dozens of TCPA class settlements throughout the country and determined that a risk adjusted fee structure would provide a fee of 36% for the first $10 million.[3]

---

[3] *See Martin v. Dun & Bradstreet, Inc. et al*, No. 1:12-cv-00215 (N.D. Ill. Jan. 16, 2014) (Martin, J.) (Dkt. No. 63) (awarding one-third fee payment of distributed fund); *Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. May 30, 2014) (Gottschall, J.) (Dkt. No. 91) (awarding one-third of the common fund for fees); *Hanley v. Fifth Third Bank*, No. 1:12-cv-01612 (N.D. Ill. Dec. 23, 2013) (Castillo, J.) (Dkt. No. 86) (awarding one-third of common fund); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-01925 (N.D. Ill. June 21, 2013) (Bucklo, J.) (Dkt. No. 243) (approving payment of one-third of common fund); *Paldo Sign and Display Company v. Topsail Sportswear, Inc.*, No. 1:08-cv-05959 (N.D. Ill. Dec. 21, 2011) (Kennelly, J.) (Dkt. No. 116) (approving one-third of the settlement fund plus expenses); *CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 1:07-cv-05456 (N.D. Ill. Oct. 27, 2011) (Kennelly, J.) (Dkt. No. 424)  (Dkt. No. 100) (same); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 1:07-cv-05953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Dkt. No. 146) (same); *Hinman, et al., v. M & M Rental Ctr., Inc.*, No. 1:06-cv-01156 (N.D. Ill. Oct. 6, 2009) (Bucklo, J.) (Dkt. No. 225) (same); *Holtzman v. CCH*, No. 1:07-cv-07033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Dkt. No. 33) (same); *CE Design, Ltd. v. Exterior Sys., Inc.*, No. 1:07-cv-00066 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Dkt. No. 39) (same); *e.g., Locklear Elec., Inc. v. Norma L. Lay*, No. 3:09-cv-00531 (S.D. Ill. Sept. 8, 2010) (Reagan, J.) (awarding 33% of the common fund plus costs); *Accounting Outsourcing, LLC. V. Verizon Wireless*, No. 03-CV-161, 2007 U.S. Dist. LEXIS 97153, at *6-7 (M.D. La. 2007) (awarding in excess of 35% of the common fund plus costs).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARD - 7
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      This is not a fee-shifting case – the TCPA has no attorney's fees provision.  Nor is this a

2  "mega-fund" case where the size of the settlement fund is merely a function of the size of the

3  class; there are just 1,948 class members.[4]  This is not a case where awarding fees of 33% of

4  the fund will unfairly tax or erode the relief to the class as each Class Member is getting a

5  substantial amount of money without the need to submit a claim.  Similarly, the 33% fee

6  requested here is not expected to take away from the Class Members' recovery any more than if

7  they successfully pursued their own case on an individual basis, and in all likelihood, they will

8  fare **better than** what they could have achieved had they hired individual lawyers to prosecute

9  their individual cases.  For example, the expert fees needed to prove an Automated Telephone

10  Dialing System ("ATDS") was used in an individual case as required under the TCPA would

11  have been cost prohibitive.[5]  *See Saragusa v. Countrywide*, 2016 U.S. Dist. LEXIS 34544, *11

12  (E.D. La. Mar. 17, 2016) (dismissing *pro se* complaint because "Saragusa has not sufficiently

13  alleged the other elements of a TCPA claim.  In conclusory fashion, Saragusa alleges that Bank

14  of America used an 'automatic telephone dialing system' or an 'artificial or prerecorded voice'

15  to make the calls.  First, mere recitation of the elements of a cause of action is insufficient to

16  plausibly state a claim for relief.").[6]

17      As noted above, the Class supports the Settlement and the Class supports the fee

18  requests.  *See* Keogh Decl. ¶ 10 (there have been no objections or opt-outs as of the date of

19  filing).

---

[4] Although "mega-fund" has no precise definition, it is generally considered to be in excess of $100 million. *In re AT&T Mobility Wireless Data Services Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1032 (N.D. Ill. 2011).

[5] Defendant moved for summary judgment that it did not use an ATDS.  Dkt. No. 97.

[6] *See also Johansen v. Vivant, Inc.*, 2012 U.S. Dist. LEXIS 178558, 2012 WL 6590551, *3 (N.D. Ill. Dec. 18, 2012) (dismissing complaint when plaintiff failed to enhance the complaint with anything more than the language already available in the statute.); *Baranski v. NCO Fin. Sys., Inc.*, 2014 U.S. Dist. LEXIS 37880, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (holding against a debt collector (like Convergent) that "Plaintiffs must do more than simply parrot the statutory language" defining ATDS, and noting that the vast majority of courts to have considered the issue have found that "a bare allegation that defendants used an ATDS is not enough"); *Reo v. Caribbean Cruise Line, Inc.*, 2016 U.S. Dist. LEXIS 35596, *10-11 (N.D. Ohio Mar. 18, 2016) (dismissing case for failure to plead ATDS after two years of discovery).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 8
CASE No. 3:14-CV-05963-BHS

1    Attorneys' fee awards greater than 25% in the Ninth Circuit are routinely approved, as

2    this Court granted a 30% fee in *Ikuseghan v. MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS

3    109471 (W.D. Wash. Aug. 16, 2016).  While this Court in *Ikuseghan* noted that TCPA cases

4    can be more straightforward and less factually intensive than products liability or other class

5    actions, this case is at least, if not more, intensive than the typical products liability class action.

6    *Id.* at *6.  As discussed in the Preliminary Approval Motion (*see* Dkt. No. 115) and the facts

7    outlined in this memorandum, Class Counsel tirelessly litigated this case for nearly two years,

8    went through two mediations, and briefed issues before this Court and the Ninth Circuit.  The is

9    not a typical TCPA case.  For example, there were complex choice of law issues relating to the

10   arbitration clause that Defendants appealed to the Ninth Circuit; there were factual issues

11   regarding Defendants' interactions with Class Members relating to consent to send the texts;

12   there were database issues relating to the texting records, the opt-in and opt-out times and other

13   records that may show the person consented to the texts even after opt-out; and there were

14   factual questions on the series of systems that Defendants used to send the texts at issue and if

15   those systems qualified as an ATDS, including the use of third party aggregators.

16   Class Counsel respectfully submits that their fee request is supported by the quality and

17   amount of work Class Counsel did on behalf of the Class, and the outstanding settlement that

18   will result in each Class Member receiving at least $1,694.  In fact, unlike in most of the

19   settlements under the TCPA where a claim form is required and only around 5% of the class

20   receive money in hand, every single Class Member in this case will be sent a substantial check.

21   This settlement results in a significantly superior recovery compared to other TCPA class

22   action settlements that have been approved in this Circuit and justifies an upward departure

23   from the 25% rate.  *See Ikuseghan*, 2016 U.S. Dist. Lexis 109471 at *5-6.  The requested 33%

24   plus the modest costs of $14,518.99 is reasonable and should be approved.  As further support

25   of the request, the factors set out in *Six (6) Mexican Workers* are easily satisfied.

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1.   <u>Class Counsel Achieved an Excellent Result for the Class</u>

In determining the amount of attorneys' fees to award, a court should examine "the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); Manual for Complex Litig. (Fourth) § 21.71 (2016) (the "fundamental focus is on the result actually achieved for class members"). Here, each Settlement Class Member will receive a pro rata share of $3,300,831 which is the amount of the Settlement Fund allocated to Settlement Class Member claims after settlement expenses are deducted ($5,000,000 - $1,666,650 (attorneys' fees) - $14,518.99 (expenses) - $8,000 (settlement administration) - $10,000 (incentive award) = $3,300,831).

The amount each Class Member will receive is $1,694 ($3,300,831/1,948). Such relief is significantly above the average TCPA settlement both in Washington and nationwide. *See, e.g., Rinky Dink, Inc. v. Elec. Merchant Sys., et al*., No. 13-cv-1347-JCC, Dkt. No. 151 (W.D. Wash. April 19, 2016) (approving awards in TCPA action of approximately $97 per class member); *Arthur v. Sallie Mae*, No. C10-198, 2012 U.S. Dist. LEXIS 3313 at *10, *20 (W.D. Wash. Jan. 10, 2012) (preliminarily approval of $24,150,000 for class of 8,000,000 members), final approval granted at 2012 U.S. Dist. LEXIS 132413 (W.D. Wash Sept. 17, 2012) (approving settlement where class members received approximately $100 ); *Manouchehri v. Styles for Less, Inc.,* No. 14cv2521 NLS, 2016 U.S. Dist. LEXIS 80038, at *4 (S.D. Cal. June 20, 2016) (preliminarily approving settlement where class members could choose to receive either a $10 cash award or a $15 voucher); *Franklin v. Wells Fargo Bank, N.A.,* No. 14cv2349-MMA (BGS), 2016 WL 402249 (S.D. Cal. Jan. 29, 2016) (approving settlement where class members received approximately $71.16); *Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (granting preliminary approval to TCPA settlement where class members estimated to receive $40); *Cubbage v. Talbots, Inc.*, No. 09-cv-00911-BHS, Dkt. No. 114 (W.D. Wash. Nov. 5, 2012) (granting final approval of TCPA settlement where class members would receive $40 cash or $80 merchandise certificate); *Steinfeld v. Discover Fin. Servs.,* No. C 12-01118, Dkt. No. 96 at ¶ 6 (N.D. Cal. Mar. 10, 2014)

(claimants received $46.98 each); *Adams v. AllianceOne Receivables Mgmt., Inc.,* No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40 each); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-01925 (Dkt. No. 229) (N.D. Ill. Feb. 14, 2013) (estimating claimants would receive between $50 and $100); *Garret, et al. v. Sharps Compliance, Inc.*, No. 1:10-cv-04030 (Dkt. No. 65) (N.D. Ill. Feb. 23, 2012) (claimants received between $27.42 and $28.51).

Settlement Class Members, theoretically could recover $500, or up to $1,500 in statutory damages for each violation of the TCPA if they were to prevail at trial.  *See* 47 U.S.C. § 227(b)(3)(B) (permitting $500 in statutory damages for each violation of the TCPA); 47 U.S.C. § 227(b)(3)(C) (permitting $1,500 for "willful" TCPA violations).  However, Plaintiff risked this Court finding that TrueBlue's conduct was not "willful," in which case Plaintiff would not be entitled to treble damages under the TCPA.  *See, e.g., Adamcik v. Credit Control Servs., Inc.,* 832 F. Supp. 2d 744, 754 (W.D. Tex. 2011) (finding the defendant did not act willfully because no evidence existed that defendant knew and disregarded the plaintiff's revocation of consent or that defendant knew it was violating the TCPA); *Levy v. Receivables Performance Mgmt., LLC*, No. 11-3155, 2013 WL 5310166, at *11-12 (E.D. N.Y. Sept. 23, 2013) (granting plaintiff's motion for summary judgment, but declining to find as a matter of law that the defendant acted willfully despite "abundant evidence" that it did).  TrueBlue has asserted that it attempted to comply with the TCPA and believed it was acting within the bounds of the law.  Without a willfulness finding, Plaintiffs would not be entitled to $1,500 per call and even then it would be discretionary to award anything more than $500.

Due to such uncertainty, courts caution that a proposed settlement "[is] not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators" because "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes."  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (citations omitted).  Indeed, "it is the very uncertainty of outcome in litigation

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 11
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and avoidance of wasteful and expensive litigation that induce consensual settlements."

*Officers for Justice v. Civil Serv. Comm'n of City and Cnty.*, 688 F.2d 615, 625 (9th Cir. 1982).

Class Counsel also insisted upon substantial prospective relief for the Class.  This prospective relief benefits the Settlement Class because it stops TrueBlue from making automated calls and texts and/or prerecorded message calls to cellular telephone numbers after stop requests.

As set forth above, the results achieved is the most important factor in considering whether a fee is reasonable.  Here, the results for the class are excellent.  Class Counsel's requested 33% fee is warranted in view of the exceptional result achieved for the class.

2.    Class Counsel Faced an Unusually High Degree of Risk and the Contingent Nature of the Fee

The Ninth Circuit recognizes that the public interest is served by rewarding attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all for their work.  *In re Wash. Pub. Power*, 19 F.3d at 1299 ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking the risk of nonpayment by paying them a premium over their normal hourly rates").

Indeed, class certification is not automatic in TCPA cases.  *Compare, e.g., Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.,* 274 F.R.D. 229, 235 (S.D. Ill. 2011) (refusing to certify TCPA class where the "proposed class includes a substantial number of people who voluntarily gave their telephone numbers to the [defendant]"), and *Versteeg v. Bennett, Deloney & Noyes, P.C.,* 271 F.R.D. 668, 674 (D. Wyo. 2011) (declining to certify TCPA class in light of individualized inquiry "into whether each individual gave 'express consent' by providing their wireless number") (internal citations omitted), with *Green v. Serv. Master*, 2009 WL 1810769,

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   at *2 (N.D. Ill. June 22, 2009) ("[T]he question of consent may rightly be understood as a

2   common question and the possibility that some class members may have consented is not

3   sufficient to defeat class certification.") (internal citations omitted), *and Saf-T-Gard Int'l, Inc.*

4   *v. Wagener Equities, Inc.,* 251 F.R.D. 312, 315 (N.D. Ill. 2008) (holding that where "some

5   number of faxes were sent on defendant's behalf (with or without defendant's explicit

6   authorization), potentially to tens of thousands of recipients . . . reflects precisely the type of

7   'organized program' that lends itself to a common adjudication of the consent issue") (internal

8   citations omitted)), and *Agne v. Papa John's Int'l., Inc*., 286 F.R.D. 559, 567 (W.D. Wash.

9   2012) ("Defendants' speculation that customers may have given their express consent to

10  receive text message advertising is not sufficient to defeat class certification.").

11         Class issues aside, over the past several years there has been an ongoing challenge to

12  prior rules of the Federal Communications Commission ("FCC") on TCPA matters (including

13  rules on what constitutes an automatic dialer and how or when prior express consent is

14  obtained) that may possiblyalter the legal landscape to Class Members' detriment.  *See ACA*

15  *Int'l v. FCC*, No. 15-1211 (D.C. Cir. filed Sept. 21, 2015) (in which multiple industry groups

16  are challenging a July 2015 omnibus FCC ruling on the TCPA).

17         In this case, Class Counsel is comprised of three small firms.  Firms of small size face

18  even greater risks in litigating large class actions with no guarantee of payment. *Boyd v. Bank*

19  *of Am. Corp.*, 2014 U.S. Dist. LEXIS 162880 (C.D. Cal. Nov. 18, 2014) (awarding 33% rather

20  than 25% benchmark, finding heightened risk of small firm representation should be rewarded

21  with larger percentage fee for good result); *see also*, *Pennsylvania v. Delaware Valley Citizens'*

22  *Counsel for Clean Air,* 483 U.S. 711, 750 (1987) (*Delaware Valley II*) (plurality opinion)

23  ("[C]ontingent litigation may pose great risks to a small firm or a solo practitioner because of

24  the risk of nonpayment may not be offset so easily by the presence of paying work. . ."); *Davis*

25  *v. Mutual Life Ins. Co.,* 6 F.3d 367, 382 (6th Cir. 1993) ("[T]he maintenance of comparatively

26

27

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 13
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    large pieces of litigation preens small firms from diversifying risk by taking on additional

2    clients . . .").

3         Class Counsel prosecuted this matter on a purely contingent-fee basis, agreeing to

4    advance all necessary expenses and to receive a fee only if there was a recovery.  Class Counsel

5    have invested considerable time and money prosecuting this action; their out-of-pocket costs

6    are approximately $14,518.99.  *See* Terrell Decl. ¶ 17; Keogh Decl. ¶ 12; Martineau Decl. ¶ 10.

7    Class Counsel diligently litigated this case both before this Court and the Ninth Circuit;

8    reviewed TrueBlue's records; pursued extensive expert discovery to analyze calling records

9    and databases to identify class members and calculate their damages; and sent notice to the

10   Class.  *Id.*  Class Counsel's outlay, when there is a risk that none of it will be recovered,

11   supports the award of the requested fees here.  *Omnivision*, 559 F. Supp. 2d 1036, 1047.

12        At the time this case was filed, there was only one known plaintiff.  A single plaintiff

13   creates a risk of dismissal or failure to achieve certification due to possible lack of the typicality

14   and adequacy requirement of Rule 23.  *See, e.g., Labou v. Cellco Partnership dba Verizon*,

15   2014 WL 824225 (E.D. Cal. March 3, 2014).

16        The risk of losing at class certification and trial always exists.  In this case, however,

17   Class Counsel were confident they would prevail at trial.  They were convinced to settle only

18   after years of litigation and two different mediations.

19        3.    The Complexity of the TCPA

20        The TCPA is a complex statute, not necessarily for what it says, but for what it means

21   in an era of rapidly changing technology.  Courts and parties cannot agree on the meaning of

22   "automatic telephone dialing system" as used in the TCPA and have turned to the FCC for

23   interpretation.  *See, e.g.*, *Marks v. Crunch San Diego, LLC*, 2014 U.S. Dist. LEXIS 152923, at

24   *6-13 (S.D. Cal. Oct. 23, 2014) (parsing the meaning of "automatic telephone dialing system"

25   in granting defendant's motion for summary judgment because defendant's web-based platform

26   required "human curation and intervention").  In 2015, the FCC issued an order that provided a

27

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 14
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

fairly broad view of what constitutes an ATDS.  *In re Rules Implementing the Tel. Consumer Prot. Act of 1991* 23 FCC Rcd 559, 566-67 ("2015 Order").  The 2015 Order is currently on appeal and oral argument took place in October 2016.  At this point, it is unclear how the D.C. Circuit will ultimately rule.  An adverse ruling was a serious risk that Plaintiff and the Class faced if this litigation continued.

Among other arcane issues and statutory interpretations, parties regularly dispute whether "robo-calls" have to connect or only be attempted to give rise to TCPA liability.  *See, e.g., Satterfield v. Simon & Schuster*, 569 F.3d 946, 953-54 (9th Cir. 2009) (holding that "to make any call" in §227(b)(1)(A) means "to communicate with or try to get into communication with a person by telephone.").

The "prosecution and management of a complex national class action requires unique legal skills and abilities." *Omnivision*, 559 F. Supp. 2d at 1047 (citation omitted).  The prosecution of this case required both skill and hard work, and in view of the excellent settlement for Class Members, demonstrates the reasonableness of the 33% attorneys' fee, plus expenses.

    4.    The Requested Fee is in Line with Fees Awarded in Similar Class Actions

An often cited empirical study of attorneys' fees in common fund cases found that awards averaged 32% of the fund and 34.74% when expenses are added in.  *See* Silber and Goodrich, *Common Funds and Common Problems Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 545 (1998) (cited in *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1123-25 (C.D. Cal. 2008)).  Silber and Goodrich recommend a 33% fee award and say that this is appropriate because "the attorneys will receive the best fee when the attorneys obtain the best recovery for the class.  Hence, under the percentage approach, the class members and the class counsel have the same interest – maximizing the recovery of the class." *Id*. at 534.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The fee requested is well within the range awarded in TCPA and other class actions. *See supra, e.g.*, *Ikuseghan v. Multicar Health Sys.*, No. C14-5539 BHS, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016) (awarding 30% of the settlement fund); *Hageman supra*, 2015 U.S. Dist. LEXIS 25595, at *18 (D. Mont. Feb. 11, 2015) (common fund fee assessment for Class Counsel is approved in the amount of 33% or $15 million, from the common fund of $45 million obtained for the Class); *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (affirming fee award of 33.33% of common fund); *In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*, No. 02-ML-1475-DT(RCx), 2005 WL 1594403, at *18–19 (C.D. Cal. June 10, 2005) (awarding 33.33% of fund); *Antonopulos v. N. Am. Thoroughbreds, Inc*., No. 87-0979G (CM), 1991 WL 427893, at *4 (S.D. Cal. May 6, 1991) (awarding 33.33% of fund); *Saf-T-Gard v Vanguard Energy Services, LLC.*, 12 C 3671 (N.D. Ill 2014) (awarding 33% of the common fund); *Hanley v Fifth Third Bank*, 12 C 1612 (N.D. Ill) (Judge Castillo) (awarding 33% of the common fund); *Saf-T-Gard v Seiko*, 09 C 776 (N.D. Ill. 2011) (Judge Bucklo) (awarding 33% of the common fund); *Hinman v. M and M Rental Center* Inc., 06-cv- 01156, Dkt. No. 225 (N.D. Ill. 2008) (awarding 33% of the common fund plus costs); *CE Design, Ltd. v. Cy's Crabhouse*, 07 C 5456, Dkt. No. 373 (N.D. Ill. Sept. 22, 2010) (Judge Kennelly) (awarding 33% of the common fund plus costs); *Holtzman v. CCH*, 07 C 7033, Dkt. No. 33 (N.D. Ill. Sept. 30, 2009) (Judge Nordberg) (awarding 33% of the common fund plus costs); *CE Design, Ltd. v. Exterior Systems, Inc.*, 07 C 66, Dkt. No. 32-2 (N.D. Ill. Dec. 6, 2007) (Judge Darrah) (awarding 33% of the common fund plus costs); *Locklear Electric, Inc. v. Norma L. Lay*, 09 C 0531, Dkt. No. 67 (S.D. Ill. Sept. 8, 2010) (Reagan, J.) (awarding 33% of the common fund plus costs); *Accounting Outsourcing, LLC. V. Verizon Wireless,* 2007 U.S. Dist. LEXIS 97153 (M.D. La. 2007) (awarding $2,314, 328, which is in excess of 35% of the common fund, plus costs); *Nicholson v Hooters of Augusta, Inc.*, 95-RCCV-616, (Richmond County, Ga. April 25, 2001) (awarding $3,931,035.62, which was 33% of the common fund plus costs).  In fact, Courts have awarded 25% of the fund even in class actions that involved

significantly less litigation.  *See Lo v. Oxnard European Motors, LLC,* No. 11CV1009 JLS, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) (awarding 25% fee request where TCPA class action settled two months after commencement of the lawsuit).  This factor supports Class Counsel's requested fee.

**B.     The Lodestar Method Confirms that Class Counsels' Fee Request is Reasonable**

Class Counsel's fee request also is reasonable using the lodestar method, which requires "multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer."  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015); *see also In re Bluetooth*, 654 F.3d at 944 (stating "we have also encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method" of determining fees).

1.     <u>The Total Loadstar Amongst Plaintiff's Firms Supports The Requested Fees</u>

Class Counsel spent time analyzing the factual and legal issues, briefing multiple motions before this court and the Ninth Circuit, reviewing and analyzing documents and data, consulting with experts, attending mediations, and working with the claims administrator regarding notice and claims issues, and anticipate they will incur additional hours to see this case through to its final resolution.  *See* Keogh Decl. ¶ 12.  This work will include overseeing the claims process, responding to objections (if any), filing a motion for final approval, and attending the final approval hearing.  The three law firms have spent 1,259.50 hours for a combined loadstar of $654,327.  *See* Terrell Decl. ¶ 6; Keogh Decl. ¶ 11; Martineau Decl. ¶ 7. Similarly, the firms have combined expenses of $14,519. *See* Terrell Decl. ¶ 6; Keogh Decl. ¶ 11; Martineau Decl. ¶¶ 9-10.

When calculating a lodestar award as a "cross check" for an award of a percentage-of-recovery, courts generally look to prevailing market rates for comparable work in the district in which the court sits to determine a reasonable hourly rate.  *See, e.g., Camacho v. Bridgeport*

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Fin. Servs.*, 523 F.3d 973, 979 (9th Cir. 2008). Class Counsel calculated their lodestar using their standard hourly rates for TCPA cases. Rates similar to Class Counsel's have been approved repeatedly by courts in this district. *See, e.g., Global Educ. Servs. v. Intuit, Inc.*, No. C09-944 RSL (W.D. Wash. 2011) (approving hourly rates of $760 and $650 following a reasonableness review); *Gardner v. Capital Options, LLC et al.*, No. C07-1918 (W.D. Wash. 2009) (approving hourly rates of $760 and $500 following a reasonableness review); *Odom v. Microsoft Corp.*, Case No. 04-2-10618-4 SEA (Wash. Sup. Ct. King County 2010) (settlement and plaintiffs' request for fees at rates comparable to those sought here, granted on September 24, 2010 by King County Superior Court Judge Douglass North); *Zwicker v. Gen. Motors Corp.*, No. C07-0291 JCC (W.D. Wash. 2008) (approving partners' hourly rates up to $650); *Dell v. Carideo*, No. C06-1772 JLR (W.D. Wash. 2010) (approving plaintiffs' fee request at comparable rates to those sought here); *Khadera v. ABM Indus., Inc.* C08-0417 RSM (W.D. Wash. Oct. 2012) (same); *Arthur v. Sallie Mae, Inc.*, C10-00198 JLR (Sept. 2012 W.D. Wash.).

The combined loadstar would result in a multiplier of 2.55, which is well within the range of 0.6 to 19.6. multipliers approved by courts. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, at 1051 n.6 (9th Cir. 2002); *Steiner v. Am. Broad Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (approving 6.85 multiplier); *In re Rite Aid Corp. Sec. Litig.*, 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (multiplier of 6.96); *Meilleur v. AT&T Corp.*, C11-01025 MJP (W.D. Wash. March 2013).

**C.**   **Class Counsel Are Entitled to Reimbursement for Their Out-of-Pocket Costs**

Counsel who help to create a common fund are entitled to the litigation expenses they incurred in prosecuting the case "so that the burden is spread proportionally among those who have benefited." *Staton*, 327 F.3d at 969-70 (quoting *Van Gemert*, 444 U.S. at 478); *see also In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) ("Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." ).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 18
CASE NO. 3:14-cv-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Counsel seek reimbursement of their out-of-pocket litigation expenses, totaling approximately $14,519 as set out above. Class Counsel put forward these out-of-pocket expenses without assurance that they would ever be repaid. These out-of-pocket expenses were necessary to secure the resolution of this litigation, and should be recouped. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in class action litigation).

**D.     A Service Award for the Class Representative is Reasonable**

Modest service or "incentive" awards compensating named plaintiffs for work done on behalf of the Class attempt to account for financial or reputational risks associated with litigation, and promote the public policy of encouraging individual plaintiffs to undertake the responsibility of representative lawsuits.[7] *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal. 2011) ("Incentive awards are fairly typical in class actions."); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329 (W.D. Wash. 2009) ("The trial court has discretion to award incentives to the class representatives."). Incentive awards are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel").

Here, Class Counsel ask the Court to award a service payment to the Class Representative in an amount not to exceed $10,000. This award compensates the Class Representative for his time and effort in stepping forward to serve as a proposed class representative, assisting in the investigation, responding to discovery, keeping abreast of the

---

[7] Including the financial risks posed by Defendants'' Rule 11 letter regarding the pending litigation.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARD - 19
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

litigation and communicating with Class Counsel on an ongoing basis regarding the progress of the litigation, settlement efforts, and settlement terms.  *See* Martineau Decl. ¶¶ 4-5.  In addition, at the inception of the case, Defendants served a Rule 11 letter on Plaintiff that threatened to seek sanctions (costs and fees) from him for failure to agree to Defendants' terms. Faced with this threat of monetary consequence, on behalf of the class and himself, he consciously forged ahead and continued the prosecution of the litigation.  *Id.*  Plaintiff submits the incentive award sought is modest in light of the risks undertaken by Plaintiff.  *See Jones v. Agilysys, Inc.*, Case No: C 12-03516 SBA, 2014 WL 2090034, at *3 (N.D. Cal. May 19, 2014) (finding the court should take into account "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those action, … [and] the amount of time and effort the plaintiff expended in pursuing the litigation.") (quoting *Staton*, 327 F.3d at 977) (ellipses and internal marks in original).

The requested award is reasonable under the circumstances, and well in line with awards approved by federal courts in this Circuit and elsewhere.  *See, e.g., Hageman*, 2015 U.S. Dist. LEXIS 25595, at *18 (incentive award in the amount of $20,000); *Pelletz*, 592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 incentive awards where named plaintiffs assisted Class Counsel, responded to discovery, and reviewed settlement terms, and collecting decisions approving awards ranging from $5,000 to $40,000); *see also In re Online DVD*, 779 F.3d at 942 (rejecting argument that a $5,000 incentive award created a conflict of interest between named plaintiff and class).  In light of Plaintiff's effort and the risk he undertook to obtain a meaningful result for the Settlement Class, Class Counsel request that the Court approve an incentive award that does not exceed $10,000 for Mr. Joseph.

## IV.  CONCLUSION

For the above reasons, Plaintiff respectfully requests the Court grant this motion and award from the Settlement Fund: (1) reasonable attorneys' fees of $1,666,650 which represents

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   33% of the common fund; (2) litigation expenses totaling $14,519; (3) $8,000 in costs for

2   administration of the settlement; and (4) an incentive award of $10,000 for Mr. Joseph.

3       RESPECTFULLY SUBMITTED AND DATED this 21st day of November, 2016.

4                         TERRELL MARSHALL LAW GROUP PLLC

6                   By:    /s/ Beth E. Terrell, WSBA #26759
7                       Beth E. Terrell, WSBA #26759
                    Email:  bterrell@terrellmarshall.com
8                       Erika L. Nusser, WSBA #40854
                    Email:  enusser@terrellmarshall.com
9                       936 North 34th Street, Suite 300
                    Seattle, Washington  98103-8869
10                      Telephone:  (206) 816-6603
                    Facsimile:  (206) 319-5450

12                      Keith James Keogh, *Admitted Pro Hac Vice*
                    Email: keith@keoghlaw.com
13                      Michael Scott Hilicki, *Admitted Pro Hac Vice*
                    Email: MHilicki@keoghlaw.com
14                      KEOGH LAW, LTD.
                    55 W. Monroe Street, Suite 3390
15                      Chicago, Illinois  60603
                    Telephone:  (312) 726-1092
16                      Facsimile:  (312) 726-1093

18                      Christopher A. Johnston, *Admitted Pro Hac Vice*
                    Email:  cjohnston@jm-legal.com
19                      Christopher Peter Martineau,
                      *Admitted Pro Hac Vice*
20                      Email: cmartineau@jm-legal.com
                    JOHNSTON MARTINEAU PLLP
21                      2233 Hamline Avenue North, Suite 102
                    Saint Paul, Minnesota  55113
22                      Telephone:  (651) 269-8463
                    Facsimile:  (612) 379-0480

24                     *Attorneys for Plaintiff*

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Beth E. Terrell, hereby certify that on November 21, 2016, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

Michael E. McAleenan, WSBA #29426
Email:  mmc@smithalling.com

6

Email:  julie@smithalling.com
SMITH ALLING, PS

7

1501 Dock Street
Tacoma, Washington  98402

8

Telephone:  (253) 627-1091
Facsimile:  (253) 627-0123

9

10

David R. Ongaro, *Admitted Pro Hac Vice*
Email:  dongaro@ongaropc.com

11

ONGARO PC
50 California Street, Suite 3325

12

San Francisco, California  94111
Telephone:  (415) 433-3901

13

Facsimile:  (415) 433-3950

14

*Attorneys for Defendants*

15

DATED this 21st day of November, 2016.

16

17

TERRELL MARSHALL LAW GROUP PLLC

18

By:    /s/ Beth E. Terrell, WSBA #26759

19

Beth E. Terrell, WSBA #26759
Email:  bterrell@terrellmarshall.com

20

936 North 34th Street, Suite 300
Seattle, Washington  98103-8869

21

Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

22

23

*Attorneys for Plaintiff*

24

25

26

27