HONORABLE BENJAMIN H. SETTLE

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DANIEL JOSEPH, an individual, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

TRUEBLUE, INC., dba LABOR READY, INC., and TRUEBLUE, INC., Washington corporations; BILLIE OTTO and JESUS UNZUETA,

    Defendants.

NO. 3:14-cv-05963-BHS

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**Note on Motion Calendar:**

**Date/Time:** February 6, 2017, at 1:30 p.m.

**Location:**

   United States Courthouse
   1717 Pacific Avenue, Courtroom E
   Tacoma Washington  98402

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................ 2

III. AUTHORITY AND ARGUMENT ........................................................................... 2

    A. The Settlement satisfies the criteria for final approval ................................. 3

        1. Strength of Plaintiff's case in light of risks of further litigation ............. 3

        2. The amount offered in Settlement ........................................................ 5

        3. Extent of discovery completed and stage of proceedings ...................... 6

        4. The experience of Class Counsel .......................................................... 7

        5. Presence of a governmental participant ................................................ 7

        6. Reaction of Settlement Class Members ................................................ 8

    B. Settlement Class Members received the best notice practicable ................... 8

    C. Class Counsel's attorneys' fees request should be approved ........................ 9

    D. Plaintiff's request for an incentive award should be granted ..................... 11

    E. The Settlement Class should be finally certified ....................................... 12

IV. CONCLUSION ........................................................................................................ 13

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF AUTHORITIES**

**Page No.**

**FEDERAL CASES**

*Adamcik v. Credit Control Servs., Inc.*,
    832 F. Supp. 2d 744 (W.D. Tex. 2011) ...............................................................................4

*Agne v. Papa John's Int'l., Inc.*,
    286 F.R.D. 559 (W.D. Wash. 2012) ..................................................................................4

*Arthur v. Sallie Mae*,
    No. C10-198, 2012 U.S. Dist. LEXIS 3313 (W.D. Wash. Jan. 10, 2012) ........................5

*Arthur v. Sallie Mae*,
    No. C10-198, 2012 U.S. Dist. LEXIS 132413 (W.D. Wash. Sept. 17, 2012) ...................5

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ..........................................................................................2, 3

*Craft v. Cnty. of San Bernardino*,
    624 F. Supp. 2d 1113 (C.D. Cal. 2008) ............................................................................11

*Estrada v. iYogi, Inc.*,
    No. 2:13–01989 WBS CKD, 2015 WL 5895942 (E.D. Cal. Oct. 6, 2015) ......................5

*Franklin v. Wells Fargo Bank, N.A.*,
    No. 14CV2349-MMA (BGS), 2016 WL 402249 (S.D. Cal. Jan. 29, 2016) .....................5

*Garner v. State Farm Auto Ins. Co.*,
    No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) .................8

*Green v. Serv. Master on Location Servs. Corp.*,
    No. 07 C 4705, 2009 WL 1810769 (N.D. Ill. June 22, 2009) ...........................................4

*Hageman v. AT&T Mobility LLC*,
    No. CV 13-50-BLG-RWA, 2015 U.S. Dist. LEXIS 25595
    (D. Mont. Feb. 11, 2015) ............................................................................................10, 12

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1988) ...........................................................................................3

*Ikuseghan v. Multicare Health Sys.*,
    No. 3:14-CV-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016) ............3, 5, 9

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - ii
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Media Vision Tech. Sec. Litig.*,
   913 F. Supp. 1362 (N.D. Cal. 1996) .................................................................. 11

*In re Mego,*
   213 F.3d 457 (9th Cir. 2000) ............................................................................... 9

*In re Mercury Interactive Corp. Sec. Litig.*,
   618 F.3d 988 (9th Cir. 2010) ............................................................................... 8

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) ............................................................................... 3

*In re Pacific Enterprises Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) ................................................................................. 9

*Jones v. Agilysys, Inc.*,
   Case No: C 12-03516 SBA, 2014 WL 2090034 (N.D. Cal. May 19, 2014) ..... 12

*Lees v. Anthem Ins. Companies Inc.*,
   No. 4:13CV1411 SNLJ, 2015 WL 3645208 (E.D. Mo. June 10, 2015) .......... 10

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) .......................................................................... 4, 5

*Manouchehri v. Styles for Less, Inc.*,
   No. 14CV2521 NLS, 2016 U.S. Dist. LEXIS 80038 (S.D. Cal. June 20, 2016) ............. 5

*Officers for Justice v. Civil Serv. Comm'n of City and Cnty.*,
   688 F.2d 615 (9th Cir. 1982) ............................................................................... 5

*Pelletz v. Weyerhaeuser Co.*,
   255 F.R.D. 537 (W.D. Wash. 2009) .......................................................... 7, 8, 12

*Prater v. Medicredit, Inc.*,
   Case No. 4:14-CV-00159-ERW, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015) ............. 10

*Radcliffe v. Experian Info. Solutions*,
   715 F.3d 1157 (9th Cir. 2013) ........................................................................... 11

*Romero v. Producers Dairy Foods, Inc.*,
   No. 1:05CV0484 DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ............. 9

*Shames v. Hertz Corp.*,
   No. 07 CV-2174, 2012 WL 5392159 (S.D. Cal. Nov. 05, 2012) ....................... 6

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iii
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007) ..................................................................................11

*Tadepalli v. Uber Techs., Inc.*,
    No. 15-CV-04348-MEJ, 2016 WL 1622881 (N.D. Cal. Apr. 25, 2016)...........................8

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995)..................................................................................11

*Vandervort v. Balboa Capital Corp.*,
    8 F. Supp. 3d 1200 (C.D. Cal. 2014)...............................................................................10

*Versteeg v. Bennett, Deloney & Noyes, P.C.*,
    271 F.R.D. 668 (D. Wyo. 2011) ...................................................................................3, 4

*Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*,
    274 F.R.D. 229 (S.D. Ill. 2011) .........................................................................................3

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ........................................................................................11

**FEDERAL STATUTES**

47 U.S.C. § 227 ............................................................................................................................1

**OTHER AUTHORITIES**

*Manual for Complex Litigation* (Fourth) § 21.61 (2015) .............................................................3

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iv
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiff Daniel Joseph ("Plaintiff") has reached a settlement with TrueBlue Inc., dba Labor Ready Inc., and Labor Ready Midwest, Inc. ("TrueBlue"), (hereinafter the "Settlement").[1] The Settlement requires Defendants to pay $5,000,000 to establish a non-reversionary settlement fund for the benefit of Plaintiff and the 1,948 members of the Settlement Class for their claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. If the Court awards the requested attorneys' fees, expenses and service award, every single Class Member who does not opt out will receive approximately $1,694 without submitting a claim. Based on the substantial monetary relief as well as significant practice changes, the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

The Settlement Administrator successfully implemented the notice program, which was the best notice practicable under the circumstances and satisfies due process. *See* Declaration of Jay Geraci ("Geraci Decl.") at ¶¶ 2, 4, 5. The Settlement Administrator also fielded calls from Settlement Class Members and maintained a website through which Settlement Class Members could access case documents and stay apprised of deadlines. *Id*. ¶¶ 6 – 7.

There were no exclusions or objections. *Id.* ¶¶ 8 –9. For the reasons set forth in this memorandum and in the papers previously submitted in support of settlement approval, the settlement is fair, adequate, reasonable, and in the best interests of the class. Accordingly, Plaintiff respectfully requests the Court grant final approval of the Settlement by: (1) finding the Settlement to be fair, adequate, and reasonable; (2) determining that adequate notice was provided to the Class; (3) finally certifying the Settlement Class; (4) approving Class Counsel's requested attorneys' fees of $1,666,650, out of pocket expenses of $14,519, and administration costs up to $8,000; and (5) approving an incentive award of $10,000 for Mr. Joseph.[2]

---

[1] *See* Dkt. No 118. A copy of the Settlement Agreement was attached as Exhibit 1 to the Declaration of Keith J. Keogh in Support of Plaintiff's Motion for Preliminary Approval.

[2] Plaintiff separately moved for approval of attorneys' fees and costs, and an incentive award. *See* Dkt. No. 120.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II.  STATEMENT OF FACTS

1      The Settlement provides that Defendants will pay $5,000,000 into a non-reversionary Settlement Fund from which all 1,948 Settlement Class Members will receive a payment without the need to submit a claim.  Settlement Agreement § II at J.

      The summary notice the Settlement Administrator mailed to Settlement Class Members, summarizes the Settlement and clearly sets forth the deadlines to request exclusion, or object to the Settlement.  Geraci Decl., Exs. A and B.  The summary notice directed Settlement Class Members to a Settlement website for further information.  *Id.*  On the Settlement website, copies of the Settlement Agreement, Settlement notice, preliminary approval order, operative complaint, and the petition for attorneys' fees and costs, are available for viewing and downloading.  *Id.* at Exhibit B at p. 3. The Settlement website also contains detailed information about the Settlement and Class Counsel's fee request.  This information includes the amount of Class Counsels' requested fee as a percentage and exact dollar amount and the estimated amount of individual Settlement Class Members' cash awards.  *Id.*

      In addition to the significant monetary relief, the Settlement also provides for non-monetary relief.  TrueBlue agreed to change its business practice to stop making or causing to be made automated calls and texts and/or prerecorded message calls to cellular telephone numbers after stop requests.

      The $1,694 Plaintiff estimates that each Settlement Class Member will receive without the need to submit any claim is well above, if not many times larger than, the average TCPA settlement both in Washington and nationwide, and is a terrific result for the class.

## III.  AUTHORITY AND ARGUMENT

      The approval process for a class action settlement takes place in three stages.  *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (describing the three-stage settlement approval process).  The Court has granted preliminary approval of the Settlement and notice has been sent.  Dkt. No. 119; *see also* Geraci Decl. at ¶¶ 3-5.  Thus, the

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

first two stages are complete. The Court now must determine whether, in light of all the information learned during the first two stages, final approval is warranted. *See id.*

This Court has broad discretion to approve or reject a proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942, 944 (9th Cir. 2015) (noting standard of review is "clear abuse of discretion" and emphasizing appellate court's review is "extremely limited"). When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 421–22 (2015).

**A.    The Settlement satisfies the criteria for final approval.**

In deciding whether to grant final approval to a class action settlement, courts consider several factors, including: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement. *Churchill*, 361 F.3d at 575. All of these factors support settlement approval here.

1.    <u>Strength of Plaintiff's case in light of risks of further litigation</u>.

Plaintiff continues to believe he has a strong case. Yet, it is possible the Ninth Circuit would reverse this Court's denial of Defendants' motion to compel arbitration, in which case there would be no class. Similarly, class certification is not automatic in TCPA cases. *See Ikuseghan v. Multicare Health Sys.*, No. 3:14-CV-05539-BHS, 2016 WL 3976569, at *3, *5 (W.D. Wash. July 25, 2016) (risks faced by TCPA class favored settlement); *compare, e.g.*, *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 235 (S.D. Ill. 2011) (refusing to certify TCPA class where the "proposed class includes a substantial number of people who voluntarily gave their telephone numbers to the [defendant]"), *and Versteeg v. Bennett,*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  *Deloney & Noyes, P.C.*, 271 F.R.D. 668, 674 (D. Wyo. 2011) (declining to certify TCPA class
2  given individualized inquiry "into whether each individual gave 'express consent' by providing
3  their wireless number") (internal citations omitted), *with Green v. Serv. Master on Location*
4  *Servs. Corp.*, No. 07 C 4705, 2009 WL 1810769, at *2 (N.D. Ill. June 22, 2009) ("[T]he
5  question of consent may rightly be understood as a common question and the possibility that
6  some class members may have consented is not sufficient to defeat class certification.")
7  (internal citations omitted), *and Agne v. Papa John's Int'l.*, *Inc.*, 286 F.R.D. 559, 567 (W.D.
8  Wash. 2012) ("Defendants' speculation that customers may have given their express consent to
9  receive text message advertising is not sufficient to defeat class certification.").

10      Class issues aside, ongoing challenges to the Federal Communications Commission's
11 rules on key TCPA issues (including rules on what constitutes an automatic dialer and how or
12 when prior express consent is obtained) threaten to alter the legal landscape to the Class
13 Members' detriment. *See ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. filed Sept. 21, 2015) (in
14 which multiple industry groups are challenging a July 2015 omnibus FCC ruling on the TCPA).

15      Finally, Plaintiff risked this Court finding that TrueBlue's conduct was not "willful," in
16 which case Plaintiff would not be entitled to treble damages under the TCPA. *See, e.g.*,
17 *Adamcik v. Credit Control Servs., Inc*., 832 F. Supp. 2d 744, 754 (W.D. Tex. 2011) (finding the
18 defendant did not act willfully because no evidence existed that defendant knew and
19 disregarded the plaintiff's revocation of consent or that defendant knew it was violating the
20 TCPA). TrueBlue has asserted that it attempted to comply with the TCPA and believed it was
21 acting within the bounds of the law. Without a willfulness finding, Plaintiff would not be
22 entitled to $1,500 per call and, even with a willfulness finding, it would be discretionary to
23 award anything more than $500.

24      Due to such uncertainty, courts caution that a proposed settlement "[is] not to be judged
25 against a hypothetical or speculative measure of what might have been achieved by the
26 negotiators" because "the very essence of a settlement is compromise, a yielding of absolutes
27 and an abandoning of highest hopes." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(9th Cir. 1998) (citations omitted).  Indeed, "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Officers for Justice v. Civil Serv. Comm'n of City and Cnty.*, 688 F.2d 615, 625 (9th Cir. 1982). As a result, substantial risk existed that Class Members would recover nothing.  This factor favors settlement.  *See Ikuseghan*, 2016 WL 3976569, at *5 (finding continued risk of litigation favored settlement).

        2.       <u>The amount offered in Settlement</u>.

The Settlement requires Defendants to pay $5,000,000 to establish a non-reversionary Settlement Fund for the benefit of Plaintiff and the 1,948 members of the Settlement Class. Without needing to submit a claim form, each Class Member will receive an estimated $1,694. Such relief is significantly above the average TCPA settlement amount both in Washington and nationwide.  *See, e.g., Rinky Dink, Inc. v. Elec. Merchant Sys., et al.*, No. 13-CV-1347-JCC, Dkt. No. 151 (W.D. Wash. April 19, 2016) (approving awards in TCPA action of approximately $97 per class member); *Arthur v. Sallie Mae*, No. C10-198, 2012 U.S. Dist. LEXIS 3313, at *10, *20 (W.D. Wash. Jan. 10, 2012) (preliminarily approving $24,150,000 for class of 8,000,000 members), final approval granted at 2012 U.S. Dist. LEXIS 132413 (W.D. Wash. Sept. 17, 2012) (approving settlement where class members received approximately $100); *Manouchehri v. Styles for Less, Inc.*, No. 14CV2521 NLS, 2016 U.S. Dist. LEXIS 80038, at *4 (S.D. Cal. June 20, 2016) (preliminarily approving settlement where class members could choose to receive either a $10 cash award or a $15 voucher); *Franklin v. Wells Fargo Bank, N.A.*, No. 14CV2349-MMA (BGS), 2016 WL 402249 (S.D. Cal. Jan. 29, 2016) (approving settlement where class members received approximately $71.16); *Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (granting preliminary approval to TCPA settlement where class members estimated to receive $40); *Cubbage v. Talbots, Inc.*, No. 09-CV-00911-BHS, Dkt. No. 114 (W.D. Wash. Nov. 5, 2012) (granting final approval of TCPA settlement where class members would receive $40 cash or $80 merchandise certificate); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. No. 96 at

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98 each); *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-CV-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40 each); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-CV-01925, Dkt. No. 229 (N.D. Ill. Feb. 14, 2013) (estimating claimants would receive between $50 and $100); *Garret, et al. v. Sharps Compliance, Inc.*, No. 1:10-CV-04030, Dkt. No. 65 (N.D. Ill. Feb. 23, 2012) (claimants received between $27.42 and $28.51). Significantly, the settlements listed above all required class members to submit a claim form (which is often necessary based on the sheer size of a class or a settlement structure that requires class members to choose between remedies), resulting in only a portion of the class members receiving awards. If this Settlement required Class Members to submit a claim form, the comparable monetary award to those who filed claims would be $34,029 at a 5% claims rate or $17,014 at a 10% claims rate. As a result, this Settlement's value is substantially different and higher than any of the comparable settlements noted above.

In addition to the monetary relief, Class Counsel also insisted upon substantial prospective relief for the Class. This prospective relief benefits the Settlement Class because it stops TrueBlue from making automated calls and texts and/or prerecorded message calls to cellular telephone numbers after stop requests. Thus, this element supports final approval.

3. <u>Extent of discovery completed and stage of proceedings</u>.

Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. *Shames v. Hertz Corp.*, No. 07 CV-2174, 2012 WL 5392159, at *6 (S.D. Cal. Nov. 05, 2012).

The parties actively litigated this case for almost two years before settling. Defendants filed multiple motions, including (1) a motion to transfer venue, which was granted (Dkt. No. 29); (2) a motion to compel arbitration and to stay litigation, which was denied (Dkt. No. 51); (3) a motion for reconsideration, which was denied (Dkt. No. 57); and (4) a motion to stay proceeding pending appeal, which also was denied (Dkt. No. 76). Defendants appealed the Court's order denying their motion to compel arbitration, which the parties fully briefed.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Again, Defendants sought to stay proceedings in this Court, filing a motion to stay with the Court of Appeals. This motion was also denied.

The parties attended the first mediation on August 4, 2015. *See* Dkt. No. 118 at ¶ 4. Although productive, the mediation was unsuccessful. As of November 9, 2015, Defendants' appeal with the Ninth Circuit was fully briefed. On December 23, 2015, Plaintiff filed a motion to compel requesting the Court order Defendants to respond to certain discovery requests, which the Court granted on February 10, 2016. Dkt. Nos. 91, 96. Defendants then moved for summary judgement which was later withdrawn. Dkt. Nos. 97, 113.

By the time the parties participated in a second in-person mediation session on May 31, 2016, they were well aware of the strengths and weaknesses of their respective positions. Dkt. No. 118 at ¶¶ 2 – 5. But the parties did not reach an agreement at that mediation either. It was not until July 1, 2016, and after both sides accepted the mediator's proposal, that the parties reached an agreement in principal. *Id*. at ¶ 4. The parties then spent the next two months working out the details of the Settlement Agreement. *Id*.

4.  The experience of Class Counsel.

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Here, Class Counsel are highly experienced class action litigators. Dkt. No. 116 at ¶¶ 1 – 12; Dkt. No. 117 at ¶¶ 10 – 13; Dkt. No. 118 at ¶¶ 13 – 47. Class Counsel believe the proposed Settlement is fair, reasonable, adequate, and in the best interest of the Class. Dkt. No. 118 at ¶ 9. Indeed, Counsel believe it is an excellent result for the Class. *Id*.

5.  Presence of a governmental participant.

Defendants notified the U.S. Attorney General, attorneys' general in all fifty states, the District of Columbia, and the five recognized United States territories. Dkt No. 122. Not a single government entity has objected to the Settlement or sought to intervene. Thus, this

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 factor weighs in favor of settlement approval.  *See Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).

6. <u>Reaction of Settlement Class Members</u>.

A positive response to a settlement by the class—as evidenced by a small percentage of opt-outs and objections—supports final approval.  *See Pelletz*, 255 F.R.D. at 543-44; *Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043) (observing "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members").  Not a single Class Member excluded themselves or objected to any portion of the Settlement.  This factor favors approval of the Settlement.

**B.   Settlement Class Members received the best notice practicable.**

In preliminarily approving the Class Settlement, this Court determined that the notice program in this case meets the requirements of due process and applicable law, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all individuals entitled thereto.  Dkt. No. 119 at 4-5.  This notice program was fully implemented by the independent Settlement Administrator, KCC.  *See generally* Geraci Decl.

The notice and notice process approved by this Court and implemented by KCC adequately informed Settlement Class Members of the nature of the action and these proceedings, the terms of the proposed Settlement, the effect of the action and release of these claims, the right to exclude themselves from the action, and their right to object to the proposed Settlement as required for final approval under Federal Rule of Civil Procedure 23.  Class Counsel also posted their fee petition on the Settlement website prior to the objection deadline, providing Settlement Class Members full notice of Class Counsel's fees, costs, and Plaintiff's incentive award request in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    The notice program successfully reached Settlement Class Members.  *See* Geraci Decl.
2    at ¶¶ 2, 4, 5.  The notice program was highly successful and the Settlement Administrator
3    believes the notice program represents the best notice practicable under the circumstances.  *Id.*
4    at ¶ 5.

### C. Class Counsel's attorneys' fees request should be approved.

For all the reasons set forth in Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 120), Class Counsel's requested fees and costs are reasonable.  Class Counsel seek 33% of the Settlement Fund ($1,666,650), which is just above the base rate for attorneys' fees in TCPA and other similar class actions.  *See, e.g., See Ikuseghan*, 2016 WL 4363198, at *2 (citing *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. Feb. 12, 2015) (analyzing data in TCPA action and finding "the base rate for attorneys' fees in a typical TCPA class action is 30% for the first $10 million recovered")).  Class Counsel's request for a higher percentage is justified by the risks of this case, including the risk that no class action could be certified if the Ninth Circuit reversed this Court's denial of Defendant's motion to compel arbitration and the fact that no class had been certified at the time of Settlement.  In addition to the unique risks posed due to the arbitration clause, the value of this Settlement is substantially different and higher than any of the comparable settlements awarding 33% or more because the Class Members need not file a claim.  If this Settlement required Class Members to submit a claim form, the comparable monetary award to those who filed claims would be $34,029 at a 5% claims rate or $17,014 at a 10% claims rate.

Class Counsel's request is also in accord with fees awarded in similar cases in the Ninth Circuit.  *See, e.g., In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming fee award equal to 33% of fund); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05CV0484 DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery") (*citing* 4 Newberg and Conte, *Newberg on Class Actions* § 14.6 (4th ed. 2007)); *In re Mego,* 213 F.3d 457, 463 (9th Cir. 2000)

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(affirming award of 33% of common fund); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% of fund in TCPA class action)); *Hageman v. AT&T Mobility LLC*, No. CV 13-50-BLG-RWA, 2015 U.S. Dist. LEXIS 25595, at *18 (D. Mont. Feb. 11, 2015) (common fund fee assessment for Class Counsel is approved in the amount of 33% or $15 million, from the common fund of $45 million obtained for the Class).

Similarly, courts in other circuits routinely award one-third of the common fund in TCPA class actions. *See, e.g., Prater v. Medicredit, Inc.*, Case No. 4:14-CV-00159-ERW, 2015 WL 8331602, at *3 (E.D. Mo. Dec. 7, 2015) (awarding one-third of $6.75 million settlement fund in class counsel fees); *Lees v. Anthem Ins. Companies Inc.*, No. 4:13CV1411 SNLJ, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (approving 34% of $4.75 million settlement fund in class counsel fees); *Guarisma v. ADCAHB Med. Coverages, Inc.*, 13–CV–21016-CIV, Dkt. No. 95 (S.D. Fla. June 24, 2015) (granting an award for fees of one-third of the $4.5 million settlement fund when the litigation proceeded for more than two years and required rigorous discovery and motion practice). In fact, the court in *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d at 805 – 807, analyzed dozens of TCPA class settlements throughout the country and determined that a risk adjusted fee structure would provide a fee of 36% for the first $10 million.[3]

---

[3] *See Martin v. Dun & Bradstreet, Inc. et al*, No. 1:12-CV-00215, Dkt. No. 63 (N.D. Ill. Jan. 16, 2014) (Martin, J.) (awarding one-third fee payment of distributed fund); *Cummings v Sallie Mae*, 12 C-9984, Dkt. No. 91 (N.D. Ill. May 30, 2014) (Gottschall, J.) (awarding one-third of the common fund for fees); *Hanley v. Fifth Third Bank*, No. 1:12-CV-01612, Dkt. No. 86 (N.D. Ill. Dec. 23, 2013) (Castillo, J.) (awarding one-third of common fund); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-CV-01925, Dkt. No. 243 (N.D. Ill. June 21, 2013) (Bucklo, J.) (approving payment of one-third of common fund); *Paldo Sign and Display Company v. Topsail Sportswear, Inc.*, No. 1:08-CV-05959, Dkt. No. 116 (N.D. Ill. Dec. 21, 2011) (Kennelly, J.) (approving one-third of the settlement fund plus expenses); *CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 1:07-CV-05456, Dkt. Nos. 100, 424 (N.D. Ill. Oct. 27, 2011) (Kennelly, J.) (same); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 1:07-CV-05953, Dkt. No. 146 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (same); *Hinman, et al., v. M & M Rental Ctr., Inc.*, No. 1:06-CV-01156, Dkt. No. 225 (N.D. Ill. Oct. 6, 2009) (Bucklo, J.) (same); *Holtzman v. CCH*, No. 1:07-CV-07033, Dkt. No. 33 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (same); *CE Design, Ltd. v. Exterior Sys., Inc.*, No. 1:07-CV-00066, Dkt. No. 39 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (same); *e.g., Locklear Elec., Inc. v. Norma L. Lay*, No. 3:09-CV-00531 (S.D. Ill. Sept. 8, 2010) (Reagan, J.) (awarding 33% of the common fund plus costs); *Accounting Outsourcing, LLC. v. Verizon Wireless,* No. 03-CV-161, 2007 U.S. Dist. LEXIS 97153, at *6-7 (M.D. La. 2007) (awarding in excess of 35% of the common fund plus costs).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Counsel's fee request also is reasonable using the lodestar method. Class Counsel's combined lodestar exceeds $655,000. *See* Dkt. Nos. 120-1 at ¶ 11, 120-2 at ¶ 6, 120-3 at ¶¶ 9 – 10. Class Counsel's fee request would result in a multiplier of 2.55, which is well within the range of multipliers that courts in the Ninth Circuit have allowed. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, at 1051 n.6 (9th Cir. 2002) (approving multiplier of 3.65); *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving multiplier of 3.6); *Steiner v. Am. Broad. Co*., 248 Fed. Appx. 780, 783 (9th Cir. 2007) (upholding fee award yielding multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving fee award yielding a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher"). Not a single Settlement Class Member objected to Class Counsel's request for fees or costs. Geraci Decl. ¶ 9.

Class Counsel also reasonably request that they be reimbursed for the $14,519 they paid to prosecute this action, and up to $8,000 for the costs associated with Settlement Administration. *See* Dkt No. 120. Class Counsel advanced these costs without any guarantee that they would ever be repaid and the costs were necessarily incurred. *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) ("Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement.").

### D. Plaintiff's request for an incentive award should be granted.

Plaintiff's requested incentive award, which are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives, should be approved. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel"). Here, Class Counsel ask the Court to award a payment to the Class Representative in an amount not to exceed $10,000. This award

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  compensates the Class Representative for his time and effort in stepping forward to serve as a
2  proposed class representative, assisting in the investigation, responding to discovery, keeping
3  abreast of the litigation and communicating with Class Counsel on an ongoing basis regarding
4  the progress of the litigation, settlement efforts, and settlement terms.  *See* Dkt. No. 117 at ¶¶ 4
5  – 5.  Plaintiff's requested award is in line with awards approved by federal courts in this circuit
6  and elsewhere.  *See, e.g., Hageman*, 2015 U.S. Dist. LEXIS 25595, at *18 (incentive award in
7  the amount of $20,000); *Pelletz*, 592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 incentive
8  awards where named plaintiffs assisted Class Counsel, responded to discovery, and reviewed
9  settlement terms, and collecting decisions approving awards ranging from $5,000 to $40,000).

10        Plaintiff's request for a $10,000 incentive award is especially reasonable here because,
11  at the inception of the case, Defendants served a Rule 11 letter on Plaintiff that threatened to
12  seek sanctions (costs and fees) from him for failure to agree to Defendants' terms.  Faced with
13  this threat of monetary consequence, Plaintiff consciously forged ahead and continued the
14  prosecution of the litigation on behalf of the proposed class.  *Id.*  Plaintiff's requested incentive
15  award is modest in light of the risks he undertook.  *See Jones v. Agilysys, Inc.*, Case No: C 12-
16  03516 SBA, 2014 WL 2090034, at *3 (N.D. Cal. May 19, 2014) (finding the court should take
17  into account "the actions the plaintiff has taken to protect the interests of the class, the degree to
18  which the class has benefitted from those action, … [and] the amount of time and effort the
19  plaintiff expended in pursuing the litigation.") (quoting *Staton*, 327 F.3d at 977) (ellipses and
20  internal marks in original).

21  **E.   The Settlement Class should be finally certified.**

22        In its Preliminary Approval Order, this Court preliminarily found that the proposed
23  Settlement Class satisfies the requirements of the Federal Rule of Civil Procedure 23.  Dkt.
24  No. 119 at 2-4.  For all the reasons set forth in Plaintiff's preliminary approval briefing, the
25  supplemental briefing Plaintiff provided in this brief, and Plaintiff's Motion for Attorneys'
26  Fees, Costs and Service Award, the Court should finally certify the Settlement Class.
27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## IV.  CONCLUSION

Plaintiff respectfully requests the Court grant this motion and enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel $1,666,650 in attorneys' fees, $14,519 in costs, and administration costs up to $8,000; and (5) approving a service award of $10,000 to Plaintiff.

RESPECTFULLY SUBMITTED AND DATED this 6th day of January, 2017.

TERRELL MARSHALL LAW GROUP PLLC


By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email:  bterrell@terrellmarshall.com
Erika L. Nusser, WSBA #40854
Email:  enusser@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

Keith James Keogh, *Admitted Pro Hac Vice*
Email: keith@keoghlaw.com
Michael Scott Hilicki, *Admitted Pro Hac Vice*
Email: MHilicki@keoghlaw.com
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois  60603
Telephone:  (312) 726-1092
Facsimile:   (312) 726-1093

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 13
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

|   |   |
|---|---|
| 1 | Christopher A. Johnston, *Admitted Pro Hac Vice* |
|   | Email: cjohnston@jm-legal.com |
| 2 | Christopher Peter Martineau, |
|   | *Admitted Pro Hac Vice* |
| 3 | Email: cmartineau@jm-legal.com |
|   | JOHNSTON MARTINEAU PLLP |
| 4 | 2233 Hamline Avenue North, Suite 102 |
|   | Saint Paul, Minnesota  55113 |
| 5 | Telephone:  (651) 269-8463 |
|   | Facsimile:  (612) 379-0480 |
| 6 | |
| 7 | *Attorneys for Plaintiff* |

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 14
CASE NO. 3:14-CV-05963-BHS

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on January 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Michael E. McAleenan, WSBA #29426
    Email: mmc@smithalling.com
    Email: julie@smithalling.com
    SMITH ALLING, PS
    1501 Dock Street
    Tacoma, Washington 98402
    Telephone: (253) 627-1091
    Facsimile: (253) 627-0123

    David R. Ongaro, *Admitted Pro Hac Vice*
    Email: dongaro@ongaropc.com
    ONGARO PC
    50 California Street, Suite 3325
    San Francisco, California 94111
    Telephone: (415) 433-3901
    Facsimile: (415) 433-3950

    *Attorneys for Defendants*

DATED this 6th day of January, 2017.

    TERRELL MARSHALL LAW GROUP PLLC

    By:   /s/ Beth E. Terrell, WSBA #26759
        Beth E. Terrell, WSBA #26759
        Email: bterrell@terrellmarshall.com
        936 North 34th Street, Suite 300
        Seattle, Washington 98103-8869
        Telephone: (206) 816-6603
        Facsimile: (206) 319-5450

    *Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 15
CASE NO. 3:14-CV-05963-BHS

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com