U.S. DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL JOSEPH, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TRUEBLUE INC., dba LABOR READY, INC., and TRUEBLUE, INC., Washington corporations,<br><br>　　　　　　　Defendants. | Case No.  3:14-cv-05963-BHS<br><br>CLASS ACTION<br><br>**DECLARATION OF JAY GERACI RE: NOTICE PROCEDURES** |

DECLARATION OF JAY GERACI RE: NOTICE PROCEDURES

I, JAY GERACI declare as follows:

1. I am employed as a SENIOR PROJECT MANAGER by KCC Class Action Services, LLC ("KCC"), located at 3301 Kerner Blvd., San Rafael, California. KCC was appointed as the Settlement Administrator in this matter and is not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**Class List**

2. On September 15, 2016 KCC received from Defendant a list of 1,948 persons identified as the Class List. KCC formatted the list for mailing purposes, and processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS"). A total of 426 addresses were found and updated via NCOA. KCC updated its proprietary database with the Class List.

**Mailed Notice**

3. On October 7, 2016 KCC caused the Summary Notice Postcard to be printed and mailed to the 1,948 names and mailing addresses in the Class List. A true and correct copy of the Summary Notice Postcard is attached hereto as Exhibit A.

4. Since mailing the Notice Packets to the Class Members, KCC has received 9 Notice Packets returned by the USPS with forwarding addresses. KCC immediately caused Notice Packets to be re-mailed to the forwarding addresses supplied by the USPS. Following the re-mailing of Notice Packets, four were returned once again as undeliverable. KCC has not taken any further action on these Notice Packets.

5. Since mailing the Notice Packets to the Class Members, KCC has received 769 Notice Packets returned by the USPS with undeliverable addresses. Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Notice

Packets and was able to find updated addresses for 471 Class Members. KCC promptly re-mailed Notice Packets to the found new addresses. Following the re-mailing of Notice Packets, 156 were returned once again as undeliverable. KCC has not taken any further action on these Notice Packets. KCC believes the notice program represents the best notice practicable under the circumstances. In this case, we mailed to 100% of the class and reached approximately 76%.

**Case Website**

6. On or about September 13, 2016, KCC established a website www.JosephTCPAClassAction.com dedicated to this matter to provide information to the Class Members and to answer frequently asked questions. The website URL was set forth in the Notice and Summary Notice Postcard. Visitors of the website can download copies of the Notice and other case-related documents. A true and correct copy of the Notice is attached hereto as Exhibit B. As of date of this declaration, the website has received 154 visits.

**Toll-Free Telephone Number**

7. On or before October 7, 2016 KCC established a toll-free telephone number (888-683-1097) dedicated to answering telephone inquiries from Class Members. As of date of this declaration, KCC has received a total of 49 calls.

**Request for Exclusion from Class**

8. The postmark deadline for Class Members to request to be excluded from the class was December 7, 2016. As of the date of this declaration, KCC has received no requests for exclusion.

**Objections to the Settlement**

9. The postmark deadline for Class Members to object to the settlement was December 7, 2016. As of the date of this declaration, KCC has received no objections to the

settlement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 5th day of January, 2017 at San Rafael, California.

_____
JAY GERACI

# Exhibit A

*Joseph v. TrueBlue, Inc.*
**Claims Administrator**
P.O. Box 40007
College Station, TX  77842-4007

«ScanString»
Postal Service: Please do not mark barcode

Claim#: TBJ-«AccountID»-«NoticeID»
«FirstName» «LastName»
«Attention»
«Address2»
«Address1»
«City», «StateCd» «Zip»
«CountryCd»

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**

THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION

Class ID: «Claim»

See important notice on the other side.

TBJ

| What is this? | This is notice of a proposed settlement in a class action lawsuit. |
|---|---|
| What is this lawsuit about? | The settlement resolves a lawsuit brought on behalf of a class of individuals to whom TrueBlue sent text messages to their cellular telephone numbers after the users of those cellular telephone numbers unsubscribed from TrueBlue's messaging system. TrueBlue denies any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Defendant's defenses. |
| Why am I getting this notice? | You were identified as someone to whom TrueBlue sent a job alert text message after you made a request to unsubscribe. |
| What does the Settlement provide? | A proposed settlement will provide a total of $5,000,000 (the "Settlement Fund") to fully settle and release claims of the 1,948 persons to Labor Ready Midwest's records that (ii) were sent a job alert text message (iii) after a request to unsubscribe (iv) to their cellular telephone (v) from the same system that sent Plaintiff a job alert text message after his unsubscribe requests (the "Settlement Class"). |
| How can I receive a payment from the Settlement? What claims am I releasing if I do nothing? | To receive payment, you are not required to take any further action. However, unless you exclude yourself as described below, you will be releasing any and all claims against TrueBlue, Inc., Labor Ready Midwest, Inc., and any of their predecessors, successors and assigns, past or present owners, investors, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors alleged or that could have been alleged in the Complaint or Amended Complaint in the Litigation, arising under the Telephone Consumer Protection Act, and any analogous state law claims arising from or related to the improper transmission of text messages, and/or use of an alleged automatic telephone dialing systems that the Settlement Class Members have or may have against TrueBlue, its agents, officers, subsidiaries, affiliates, third-party vendors, or assigns. This release means you will never seek to establish liability against any released entity based on these released claims. The release applies even if there are facts that you do not know or suspect to exist in your favor at this time which, if known to you, would have materially impacted your decision to exclude yourself or not. Released Claims do not encompass any employment related claims. |
| Do I have to be included in the Settlement? | If you don't want monetary compensation from this settlement and you want to keep the right to sue or continue to sue TrueBlue on your own, then you must exclude yourself from the settlement by sending a letter to the claims administrator at the address on the reverse side, postmarked no later than December 7, 2016. |
| If I don't like something about the Settlement, how do I tell the Court? | If you don't exclude yourself from the settlement, you can object to any part of the settlement. You must file your written objection with the Court by December 7, 2016, and mailed and postmarked no later than December 7, 2016 to both Class Counsel and TrueBlue's Counsel and containing the specific information set forth in the Settlement Website. |
| How do I get more information about the Settlement? | This notice contains limited information about the settlement. For more information, to view additional settlement documents, and to review information regarding your opt-out and objection rights and the Final Approval Hearing, visit www.JosephTCPAClassAction.com. You can also obtain additional information, a more detailed notice describing the settlement, or a Claim Form, by calling 1-888-683-1097 or Class Counsel at 1-866-726-1092. |

# Exhibit B

*Joseph v. TrueBlue, Inc.*
**United States District Court for the Western District of Washington,**
**Case No. 3:14-cv-05963-BHS**

# If you were sent a job alert text message by TrueBlue after you made a request to unsubscribe from receiving such text messages, you may be entitled to benefits under a class action settlement.

*A federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- Plaintiff alleges that sending automated text messages to cellular telephone numbers after a person unsubscribed violates the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"). Plaintiff sued TrueBlue for allegedly willfully violating the TCPA in the lawsuit identified above. TrueBlue denies Plaintiff's allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or TrueBlue's defenses. By entering into the settlement, TrueBlue has not conceded the truth or validity of any of the claims against it.

- A proposed settlement will provide a total of $5,000,000 (the "Settlement Fund") to (i) fully settle and release claims of the 1,948 persons to whom Labor Ready Midwest's records indicate (ii) were sent a job alert text message (iii) after a request to unsubscribe (iv) to their cellular telephone (v) from the same system that sent Plaintiff a job alert text message after his unsubscribe requests (the "Settlement Class").

- The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class members who do not submit a valid and timely request for exclusion, attorneys' fees and expenses to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administering the settlement. Class Counsel estimate that Settlement Class members will receive around $1,600.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice.  Your legal rights are affected whether you act or don't act. Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **REMAIN IN CLASS; DO NOTHING** | To receive a portion of the Settlement Fund you are not required to take any further actions. All Class Members who do not "Opt-Out" of the settlement will receive a portion of the settlement proceeds. |
| **EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT** | If you ask to be excluded, you will not receive a payment.  This is the only option that allows you to pursue your own claims against TrueBlue and/or other released parties in the future. The deadline for excluding yourself is December 7, 2016. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you believe the settlement is unfair in any respect. The deadline for this is December 7, 2016. If you choose to Opt-Out of the settlement, you are not eligible to file an Objection. |
| **GO TO THE FINAL APPROVAL HEARING** | Ask to speak in Court about the fairness of the settlement if you object to the settlement. To speak at the Final Approval Hearing, you must file a document including your name, address, telephone number and your signature with the Court stating your intention to appear, by no later than December 7, 2016. |

# BASIC INFORMATION

**1. What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit entitled *Joseph v. TrueBlue, Inc.*, Case No. 3:14-cv-05963-BHS (W.D. Wash). Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

**2. What does it mean if I received a notice about this settlement?**

If you received a notice describing this settlement, it is because TrueBlue's records indicate that you may be a member of the Settlement Class in this action. You are a member of the Settlement Class if you received job alert text messages to your cellular telephone number from TrueBlue after you attempted to unsubscribe from the alert system.

**3. What is this class action lawsuit about?**

In a class action, one or more people called Class Representatives (here, Plaintiff) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims that TrueBlue violated the TCPA by sending text messages to cellular telephone numbers after the users of those cellular telephone numbers unsubscribed from TrueBlue's messaging system. TrueBlue denies these allegations and denies any wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Benjamin Settle is the judge in charge of the lawsuit.

**4. Why is there a settlement?**

The Court did not decide in favor of Plaintiff or TrueBlue. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

# WHO IS IN THE SETTLEMENT CLASS?

**5. How do I know if I am a part of the settlement class?**

The Court has certified this case as a class action for settlement purposes. The Settlement Class is defined as:

> (i) All 1,948 individuals identified in Labor Ready Midwest's records that (ii) were sent a job alert text message (iii) after a request to unsubscribe (iv) to their cellular telephone (v) from the same system that sent Plaintiff a job alert text message after his unsubscribe requests.
>
> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Ninth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

"Settlement Class Member" is defined as any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.JosephTCPAClassAction.com, you may write to the claims administrator at *Joseph v. TrueBlue, Inc.* Claims Administrator, P.O. Box 40007, College Station, TX 77842-4007, or you may call the Toll-Free Settlement Hotline, 1-888-683-1097, for more information.

# THE LAWYERS REPRESENTING YOU

**6. Do I have lawyers in this case?**

The Court has appointed lawyers from the law firms of Keogh Law, LTD, Terrell Marshall Law Group PLLC, and Johnston Martineau PLLP as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7. How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to *one third* of the $5,000,000 Settlement Fund, which is $1,666,667, to them for attorneys' fees, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of up to $10,000 to Plaintiff for his service as Class Representative. The Court may award less than these amounts.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

**8. What does the settlement provide?**

**Settlement Fund**. TrueBlue will pay the total amount of $5,000,000 into a fund (the "Settlement Fund"), which will cover: (1) cash payments to Settlement Class Members; (2) an award of attorneys' fees to Class Counsel, in an amount not to exceed one-third, which is $1,666,667, plus reasonable expenses, as approved by the Court; (3) service award to Plaintiff, in an amount not to exceed $10,000, as approved by the Court; and (4) the costs of notice and administration of the Settlement.

**Cash Payments**. All Settlement Class Members are eligible to receive a cash payment.

**No Portion of the Settlement Fund Will Return to TrueBlue.** All money in the Settlement Fund beyond the funds the Court authorizes to be paid for the costs of notice and administration of the settlement, attorneys' fees and costs to Class Counsel and any service awards to Plaintiff, will be divided and paid pro rata to the Settlement Class Members. Any money remaining in the Net Settlement Fund after distribution of settlement proceeds and deduction of all amounts approved for settlement administration costs and attorneys' fees and expenses, and after the passage of the 180-day period within which the Settlement Class Members shall be able to negotiate their checks, shall be paid as a second distribution to the persons who cashed their checks provided that the value of the check after re-mailing costs exceeds $10. If it does not exceed $10, the balance will be distributed via *cy pres* to the National Employment Law Project, a non-profit that helps those in lower social economic status gain job skills. Except as otherwise provided in the Settlement Agreement, no money remaining in the Net Settlement Fund shall revert to or otherwise be paid to TrueBlue.

**9. How much will my payment be?**

Your share of the Settlement Fund will depend on the number of requests for exclusion that Settlement Class Members submit. Class Counsel estimate that the amount of the cash award (while dependent upon the number of exclusions) may be around $1,600. **This is an estimate only. The final cash payment amount may be higher or lower than $1,600 and will depend on the total number of valid and timely opt-outs submitted by Settlement Class Members.**

**10. What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue or continue to sue any TrueBlue Releasee, whether on your own or as part of any other lawsuit.

"TrueBlue Releasees" means TrueBlue and its subsidiary Labor Ready Midwest Inc., predecessors, successors, and assigns, as well as each of those entities' past or present owners, investors, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and assigns.

"Released Claims" means any and all claims, demands, rights, liabilities and causes of action alleged or that could have been alleged in Named Plaintiff's Complaint or Amended Complaint in the Litigation, arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any analogous state law claims arising from or related to the improper transmission of text messages, and/or use of an alleged automatic telephone dialing systems that the Settlement Class Members have or may have against TrueBlue, its agents, officers (specifically including but not limited to named individual Defendants Jesus Unzueta, and Billie Otto), subsidiaries, affiliates, third-party vendors, or assigns.  This release includes any claims that were asserted or could have been asserted, based on the facts alleged in the Complaint or any Amended Complaints filed in this Litigation. Released Claims do not encompass any employment related claims.

Upon the Effective Date of the Settlement Agreement, the TrueBlue Releasees shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any TrueBlue Releasee based, in whole or in part, on any of the Released Claims. The Class Representatives, the Settlement Class, and each Settlement Class Member further expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code, to the extent they are a California resident, or any similar statute of the United States. Section 1542 reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims.  Released Claims do not encompass any employment related claims.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

**11.  How can I get a payment?**

To receive a payment, you are not required to take any further action.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12.  When would I receive a settlement payment?**

The Court will hold a hearing on February 6, 2017 to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone will be informed of the progress of the settlement through information posted on the Settlement Website at www.JosephTCPAClassAction.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**

If you want to keep the right to sue or continue to sue TrueBlue or a released party, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator. To be valid, an exclusion request must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) state that he or she desires to opt-out of the settlement or otherwise does not want to participate in the settlement. No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than December 7, 2016 to the claims administrator at:**

*Joseph v. TrueBlue, Inc.* **Claims Administrator**
**P.O. Box 40007**
**College Station, TX 77842-4007**

**14. If I do not exclude myself, can I sue TrueBlue for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) TrueBlue or any released parties for the claims that this settlement resolves.

**15. If I exclude myself, can I get a benefit from this settlement?**

No. If you ask to be excluded, you will not receive a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and expenses and/or service award.

To object, you must make your objection in writing, stating that you object to the settlement in *Joseph v. TrueBlue, Inc.*, Case No. 3:14-cv-05936-BHS (W.D. Wash.). To be considered by the Court, the written objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm that the objector is a Settlement Class Member; (ii) include a statement of the specific objections; and (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below postmarked no later than December 7, 2016.**

| For Plaintiff: | For TrueBlue: |
|---|---|
| Keith J. Keogh | David R. Ongaro, |
| Michael Hilicki | Amelia D. Winchester |
| KEOGH LAW, LTD. | ONGARO PC |
| 55 W. Monroe Street, Suite 3390 | 50 California Street, Suite 3325 |
| Chicago, IL 60603 | San Francisco, CA  94111 |

**If you request to Opt-Out of the settlement you are not eligible to file an objection.**

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you oppose something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE FINAL APPROVAL HEARING

**18.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at 1:30 p.m. on February 6, 2017 at the United States District Court for the Western District of Washington, U.S. Federal Building and Courthouse, 1717 Pacific Ave., Courtroom E, Tacoma WA 98402. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court will also consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**19.  Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**20.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than December 7, 2016. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**21.  How do I get more information?**

This notice is only a summary of the proposed settlement. You can get a complete copy of the Settlement Agreement by visiting the Settlement Website, www.JosephTCPAClassAction.com, or you can write to the address above or call the Toll-Free Settlement Hotline, 1-888-683-1097. You can also call Class Counsel with any questions at 1-866-726-1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, TRUEBLUE OR TRUEBLUE'S COUNSEL ABOUT THE SETTLEMENT. ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**