HONORABLE BENJAMIN H. SETTLE

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL JOSEPH, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUEBLUE, INC., dba LABOR READY, INC., and TRUEBLUE, INC., Washington corporations; BILLIE OTTO and JESUS UNZUETA,<br><br>Defendants. | NO. 3:14-cv-05963-BHS<br><br>**FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE AND FINAL JUDGMENT** |

This Court having considered: (a) the Settlement Agreement and Release, including all exhibits thereto (the "Agreement"), between Plaintiff Daniel Joseph ("Class Representative"), on behalf of himself and the Settlement Class (as defined therein) and TrueBlue, Inc. ("TrueBlue"); (b) the proposed allocation and distribution of funds among the Settlement Class; and (c) Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representative; and having held a hearing on February 6, 2017, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed in the premises, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and TrueBlue for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3. The Settlement Class previously certified by the Court includes:

> (i) All 1,948 individuals identified in Labor Ready Midwest's records that (ii) were sent a job alert text message (iii) after a request to unsubscribe (iv) to their cellular telephone (v) from the same system that sent Plaintiff a job alert text message after his unsubscribe requests.
>
> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Ninth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order certifying the Settlement Class and granting preliminary approval of the settlement (Dkt. No. 119, "Preliminary Approval Order").

4. The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

terms of the Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on February 6, 2017; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

5. This Order shall have no force or effect on those persons who properly and timely excluded themselves from the Settlement Class.

6. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Counsel for TrueBlue resulting in the Agreement.

7. The Court finds that the designated Class Representative is an appropriate representative.

8. The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class. The Court has also considered "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011), quoting *Churchill Vilt., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.2004).

9. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

10. The Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. The claims against

1  Defendant on behalf of the Settlement Class in *Joseph v. TrueBlue, Inc.*, Case No. 3:14-CV-
2  05963-BHS (W.D. Wash), are hereby dismissed with prejudice and without costs to any party,
3  except as otherwise provided herein.

4      11.    Upon the Effective Date of the Agreement, the Settlement Class, and each
5  Settlement Class Member, shall release and forever discharge the TrueBlue Releasees (as
6  defined in the Agreement) from their respective Released Claims (as defined in the
7  Agreement).

8      12.    Nothing in this Order, the Agreement, or any documents or statements related
9  thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any
10 statute or law or of any liability or wrongdoing by TrueBlue or any TrueBlue Releasee.

11     13.    Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an
12 award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a)
13 this Court makes the following findings of fact and conclusions of law:

14     a.    this Settlement confers substantial benefits on the Settlement Class
15 Members;

16     b.    the value conferred on the Settlement Class is immediate and readily
17 quantifiable upon this judgment becoming Final (as defined in the Agreement), and Settlement
18 Class Members who have submitted valid Settlement Claim Forms will receive cash payments
19 that represent a significant portion of the damages that would be available to them were they to
20 prevail in an individual action under the Telephone Consumer Protection Act ("TCPA");

21     c.    Class Counsel vigorously and effectively pursued the Settlement Class
22 Members' claims before this Court in this complex case;

23     d.    this Settlement was obtained as a direct result of Class Counsel's
24 advocacy;

   e. this Settlement was reached following extensive negotiations between Class Counsel and Counsel for TrueBlue and was negotiated in good-faith and in the absence of collusion;

   f. during the prosecution of the claims in the Litigation, Class Counsel incurred expenses in the aggregate amount of $22,519.00, which included mediation and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

   g. Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount up to one-third of the Settlement Fund ($1,666,650.00), plus reimbursement of reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

   h. no member of the Settlement Class has submitted a written objection to the award of attorneys' fees and expenses;

   i. attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); and

   j. as stated on the record, the Court finds that a fee award of 30% of the settlement fund is reasonable and approves an award for that amount. 30% of the Settlement Fund is consistent with other awards in this Court when Class Counsel obtains good to excellent results. *See Ikuseghan v. MultiCare Health System*, C14-5539BHS (W.D. Wash. Aug. 16, 2016) (final award); *Eilerman v. McLane Company, Inc.*, C16-5303BHS (W.D. Wash. Feb. 28, 2017) (preliminary approval).

  14. Accordingly, Class Counsel are hereby awarded $1,500,000.00 from the balance of the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the

terms of the Agreement. Further, Class Counsel are hereby awarded $22,519.00 for their reasonable expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

15. The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $10,000.00 for his efforts in this case.

16. Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Order, to protect and effectuate this Order, and for any other necessary purpose. The Class Representative, Settlement Class Members, and TrueBlue are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the TrueBlue Releasees in any court or tribunal asserting any of the

Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

IT IS SO ORDERED.

Dated this 6th day of March, 2017.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge